## No. 8733.

## Eby *v.* The People.

1. Criminal Law—*Information—Time of offense charged immaterial.* The people are not required to prove the commission of the offense charged, upon the exact date mentioned in the information.

2. *Fair Trial—Instructions.* Information for sexual intercourse with a female under eighteen. (Rev. Stat., sec. 1649.) The testimony to establish the offense at the time and place mentioned in the information was weak and inconclusive, and the female positively denied intercourse with the accused at that time and place, admitting it upon a different occasion. Though the jury were properly instructed as to the purpose of receiving this admission—that it was to be accepted merely in corroboration of the testimony on the part of the state,— it was held error to charge, without qualification, that the people were not required to prove the exact date of the offense charged.

*Error to Teller District Court, Hon. J. W. Sheafor, Judge.*

Mr. W. M. Alter, Messrs. Barnett & Campbell and Mr. K. W. Farr, for plaintiff in error.

Hon. Fred Farrar, Attorney General and Mr. Ralph E. C. Kerwin, assistant Attorney General, for the People.

Mr. Justice Hill delivered the opinion of the court:

The plaintiff in error, hereafter called the defendant, was convicted of the violation of our Age of Consent statute, and sentenced to a term in the penitentiary. The act was alleged to have been committed on March 27, 1915, with one ————————————————, an unmarried female under the age of eighteen, to-wit, of the age of fifteen. The time and place when and where the crime is sought to be fixed and alleged to have been committed, are not in dispute. The testimony of the girl involved is that at the time and place alleged, the defendant did not commit any such crime. There is testimony of other witnesses to sundry facts, and a purported confession of the defendant, which (if properly ad-

mitted) all tend to show that the crime was committed at the time and place charged. Over defendant's objection, the girl was allowed to testify that a crime similar to the one charged had been committed by the defendant with her at a certain rooming house in Victor, about a week prior to the commission of the crime charged in the information.

By Instruction No. 7, the jury were told that evidence had been admitted of another similar act, etc., between the defendant and the girl about one week prior to the offense charged; that this evidence was not admitted for the purpose of proving an offense against the defendant, upon which he might be convicted, but was received only in corroboration and explanation of the evidence of the act charged; that defendant could not be tried for, nor convicted of, an offense not charged in the information, and that the offense charged is the one alleged to have been committed at the Gould house, March 27, 1915. This instruction correctly states the law in this jurisdiction. See *Mitchell v. The People*, 24 Colo. 532, 52 Pac. 671; *Bigcraft v. The People*, 30 Colo. 298, 70 Pac. 417. It is applicable to the crime for which the defendant was being tried and refers to the time and place when and where the girl testified that no such crime was committed. By Instruction No. 8, the jury were told, that in a prosecution of this character the People are not bound to prove the exact date as alleged in the information; that it is sufficient if it shall appear from the evidence, etc., that the defendant committed the crime charged in the information at any period of time within three years before the 7th day of April, 1915, the date of filing the information.

By Instruction No. 1, the jury were told that the crime charged, in substance, was that Eby, on March 27, 1915, at the County of Teller, etc., did then and there commit and accomplish an act, etc., with ———————————, an unmarried female under the age of eighteen, to-wit, of the age of fifteen years. While Instruction No. 8 correctly states the law and should be given where applicable, yet under the peculiar circumstances disclosed, we are of

opinion that it should have been omitted in this case. The defendant's alleged confession, if properly admitted (which we shall not pass upon), is of doubtful import. The girl involved testified positively that he did not commit the crime for which he was convicted. The other testimony upon behalf of the People is circumstantial. It also discloses that at the time and place of the alleged commission of the crime charged, the prosecuting witness and two other girls were alone with two married men, at the home of one of these men, between three and four o'clock in the morning; that they had gone there with these two and another man, other than the defendant; that one of the men, who did not live there, was a doctor, and that the defendant, a young man, had been sent for, not knowing the girls were there, under the pretext that he was wanted to drive the doctor's car; also that the girl involved had only known the defendant for eleven days prior to the night in question. The girl testified that the defendant did commit a similar crime to the one charged, with her about a week prior thereto, and, that it was the only one with him within three years. Under Instructions Nos. 1 and 8, the jury might have decided that they were justified in finding the defendant guilty of this crime concerning which there was positive testimony, for which reason, in a case lying so close to the border line for lack of testimony, and the fact that there was no necessity for the giving of this instruction, and the further fact that the people had placed before the jury testimony of the commission of a similar crime for which the defendant was not on trial, we are of opinion that the court erred in giving, as it did, without qualification, Instruction No. 8. When applied to the facts of this case, it presents a repugnancy between instructions. We cannot say which the jury followed. This necessitates a reversal of the judgment. It is so ordered.

*Reversed.*

Decision *en banc.*

Mr. Justice Scott not participating.