No. 13,581.

SCHREINER v. THE PEOPLE.
(36 P. [2d] 764)

Decided September 24, 1934. Rehearing denied October 15, 1934.

Messrs. ANDERSON, PAYNTER & EPPERSON, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. CHARLES H. QUEARY, Assistant, Mr. ROY T. JOHNSON, Mr. GEORGE C. TWOMBLY, for the people.

*In Department.*

MR. JUSTICE BUTLER, sitting for MR. CHIEF JUSTICE ADAMS, delivered the opinion of the court.

HENRY Schreiner was convicted of statutory rape and was sentenced to imprisonment in the penitentiary. He seeks a reversal of the sentence.

■■ 1. The first assignment of error is that the information is insufficient in this, that it does not contain an allegation that the girl was not the wife of the defendant at the time the offense is alleged to have been committed. Section 6689 of the Compiled Laws provides: "Rape is an act of sexual intercourse, accomplished with, by or between a male and a female person, * * * where such female person is not the wife of the principal perpetrator, as distinguished from accessory to such offense, under any of the following circumstances: 1. By the male person where the female person is unmarried, and where the female person is under, and the male person is over the age of eighteen years; and this is rape in the first degree."

The information charges that the defendant, on June 11, 1933, in Morgan county, state of Colorado, on the person of the girl named in the information, "an unmarried female person under the age of eighteen years, to-wit, of the age of fifteen years," did wilfully make an assault and her did ravish and carnally know, etc. The name of the girl, as stated in the information, need not be repeated in this opinion; suffice it to say that it is not Schreiner. The criticism is wholly without merit. Although it is customary to allege specifically that at the time the offense was committed the girl was not the wife of the defendant, that fact sufficiently appears in the present

information. An *unmarried* girl could not be the wife of the defendant. See *State v. McPadden*, 150 Minn. 62, 184 N. W. 568. The information states the offense so plainly that its nature could easily be understood by the jury; and that is all that is required. C. L. §7062.

2. The opening statement of the deputy district attorney indicated that he expected to show that the defendant had intercourse with the girl on four different days; namely, on June 4, 8 and 11 and July 23, 1933. Thereupon, and before evidence was introduced, counsel for the defendant moved that the people be required to elect upon which act of intercourse the people relied for conviction. The motion was denied. No further motion was made until the close of the people's case, when the motion was renewed and was sustained; whereupon the people elected to stand upon the act committed on June 11, 1933, the date charged in the information. The defendant then introduced his evidence.

It is contended that it was reversible error to refuse the defendant's first motion to require the people to elect. We cannot uphold the contention. Whether the election should be compelled before the introduction of any evidence by the people, or at the close of the people's case, or during the progress of the trial, is a matter concerning which the authorities are not in harmony. In Colorado the matter rests largely in the discretion of the trial court. *Laycock v. People*, 66 Colo. 441, 182 Pac. 880. We cannot say that the trial court abused its discretion; hence we cannot interfere with its ruling on the motion to elect.

3. The girl testified that the defendant had sexual intercourse with her on June 4, 8 and 11. Thereupon the defendant's attorney asked her this question: "You testified here that he had only had three acts of sexual intercourse with you, June 4th, June 8th and June 11th, and you say that is all?" She answered, "July 23rd, too." The people introduced no evidence relating to sexual intercourse on July 23. At the close of the

people's case the court informed the jury that, the people having elected to rely upon the act of June 11, all evidence pertaining to any subsequent intercourse became immaterial and was stricken out of the record, and instructed the jury to disregard such evidence. At the close of the evidence, the court instructed the jury in writing that "evidence stricken out is the same as though never received," and that "the opening statements * * * of counsel are not evidence."

This eliminated from the consideration of the jury the evidence brought out by defendant's counsel concerning intercourse on July 23.

4. The defendant complains that, although the court had stricken the evidence concerning intercourse on July 23, the deputy district attorney was permitted to cross-examine the defendant concerning a ride taken by the defendant and the girl on that day. Such cross-examination was not for the purpose of showing, nor did it tend to show, sexual intercourse, but was intended to contradict the defendant's testimony denying any personal acquaintance with the girl, and declaring that he never spoke to her and would not have anything to do with her. The court permitted it for that purpose only. The court acted properly.

5. The girl gave birth to a baby on March 22, 1934. Two doctors gave expert testimony in behalf of the defendant. In answer to a hypothetical question put by defendant's counsel, each expressed the opinion that the child could not have been conceived on June 4, 8 or 11, 1933. That evidence was received without objection. Each expert then was asked by defendant's counsel whether, in his opinion, the child could have been conceived during the latter part of July. Each answered that it could not. The answers were admitted over the people's objection. Afterward the answers were stricken by the court and the objections to the questions were sustained. It is said that, in rejecting such evidence, the court committed reversible error. We do not think so.

The court had stricken the evidence brought out by defendant's counsel concerning intercourse on July 23; hence there was no evidence before the jury concerning intercourse during the latter part of July, and evidence that conception could not have taken place at that time was immaterial.

6. On cross-examination, defendant's counsel asked the girl this question: "You became a fully developed woman about what age?" An objection to the question as "incompetent, improper cross examination" was made by the deputy district attorney, whereupon counsel for the defendant remarked, "Might go to some other phase, your Honor." The objection was sustained. We cannot see that the ruling, even if it were erroneous, in any manner prejudiced the substantial rights of the defendant on the merits; hence it cannot be made the basis of a reversal of the judgment. C. L. §7103.

7. The court permitted a witness to give, on rebuttal, testimony that would have been admissible in chief. It contradicted the testimony of the defendant as to his whereabouts on the night of June 8. Such matters are discretionary with the trial court, and unless that discretion has been abused, a reviewing court will not interfere. *Wechter v. People,* 53 Colo. 89, 124 Pac. 183; *Shemwell v. People,* 62 Colo. 146, 161 Pac. 157; *Phenneger v. People,* 85 Colo. 442, 276 Pac. 983. And see *Smith v. People,* 39 Colo. 202, 88 Pac. 1072. The court did not abuse its discretion in the present case.

8. The defendant objects that the witness Schwindt was permitted to testify, although his name was not endorsed on the information. But the witness was called on rebuttal and the testimony he gave was rebuttal testimony; hence it was not necessary to endorse his name on the information. *Smith v. People, supra; Ingles v. People,* 90 Colo. 51, 6 P. (2d) 455; 16 C. J. p. 798.

We have discussed all of the objections that we consider important. There are other objections, but they are wholly without merit.

The evidence was in direct conflict. The jury were properly instructed and were satisfied beyond a reasonable doubt that the defendant is guilty, and so found upon sufficient evidence. The trial court, after thorough consideration of the objections urged against the verdict, denied the motion for a new trial. An examination of the record does not disclose any reversible error. The defendant had a fair trial. The conviction must stand.

The judgment is affirmed.

MR. JUSTICE BURKE, MR. JUSTICE BOUCK and MR. JUSTICE HOLLAND concur.