581 P.2d 739 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Joseph Henry KING, Defendant-Appellant.
No. 77-921.
Colorado Court of Appeals, Div. 2.
June 22, 1978.
*740 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Linda Palmieri Rigsby, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Houtchens, Houtchens & Daniel, Kim R. Houtchens, Greeley, for defendant-appellant.
STERNBERG, Judge.
Defendant Joseph Henry King appeals his conviction of sexual assault on a child. The alleged victim was his common-law wife's 10-year-old daughter. On appeal he contends that the court erred in (1) permitting an amendment to the information changing the date of the alleged offense; (2) denying both the judgment of acquittal and a judgment NOV because there was insufficient evidence to sustain a guilty verdict; and (3) refusing to allow a psychological examination of the complaining witness. We affirm.

I.
The date specified in the information as filed was "on or about the 10th of December 1976." Thereafter a minute order allowed an amendment to "from March 1, 1974 to January 1, 1977," but no written order was entered reflecting the amendment. On the morning of trial the court permitted an amendment to "from July 1, 1976 to January 10, 1977." This period was less than the enlargement previously authorized and therefore did not prejudice the defendant. Moreover, the last assault was alleged to have occurred "around Thanksgiving" and thus was within the time periods of both amendments, see Nowels v. People, 166 Colo. 140, 442 P.2d 410 (1968), and the specific date of the offense was not a material allegation. Marn v. People, 175 Colo. 242, 486 P.2d 424 (1971).

II.
The crux of defendant's second argument is that the uncorroborated testimony of the victim of the sexual assault is insufficient to support a conviction. This is not the law. As stated in LaBlanc v. People, 161 Colo. 274, 421 P.2d 474 (1966), "each case must be decided on an ad hoc basis. The character of the prosecuting witness, the probability or improbability of her testimony or whether it is conflicting and contradictory, are often determinative of the need of corroboration."
*741 Here, the testimony of the prosecuting witness, notwithstanding her age, was forthright, detailed, and in no significant way discredited by cross-examination. The crime was first uncovered when the child's mother discovered a reference to defendant's sexual activity with the child in her diary. After being described to another witness, the diary disappeared under circumstances indicative of destruction by defendant. While such evidence of destruction of the diary by defendant was circumstantial and not conclusive of his guilt of the substantive crime, nevertheless, it was a factor tending to bolster the child's story. See People v. Elliston, 181 Colo. 118, 508 P.2d 379 (1973); Rapue v. People, 171 Colo. 324, 466 P.2d 925 (1970). To require direct evidence corroborating the child's testimony in a case of this type would be to raise a hurdle to prosecution of such offenses which could not frequently be cleared. As the People observe in their brief, "the sexual molestation of pre-pubescent girls is not, as a rule, performed before corroborating witnesses."

III.
Defendant's final contention is that the trial court erred in denying his motion for a psychological examination of the complaining witness. We disagree. A court should order such an examination only where there is a compelling reason for it. See People v. Neely, 228 Cal.App.2d 16, 39 Cal.Rptr. 251 (1964), where the victim was an inmate of a state mental hospital. But here, the only support for defendant's motion was his affidavit alleging that the victim was "mentally immature," had a "vivid imagination," and is "subject to flights of fancy," and that he had "observed that the complainant has fantasies concerning sexual contact and relationships." These statements are conclusory in nature and are devoid of specific factual recitation. It is necessary for the court to balance the possible emotional trauma, embarrassment or intimidation to the complainant against the likelihood of the examination producing material, as distinguished from speculative, evidence. See Crim.P. 16, Part I(e); State v. Kahinu, 53 Haw. 536, 498 P.2d 635 (1972); cert. denied, 409 U.S. 1126, 93 S.Ct. 944, 35 L.Ed.2d 258 (1973); State v. Wahrlich, 105 Ariz. 102, 459 P.2d 727 (1969); People v. Neely, supra. See also Annot., 18 A.L.R.3d 1433; 2 Wharton's Criminal Evidence § 378 (C. Torcia 13th ed.). Cf. People v. Parks, Colo., 579 P.2d 76 (announced May 8, 1978).
We hold that while it is discretionary with the trial court whether to order a psychological examination of a child molestation victim, its failure to order it under the circumstances present here did not constitute an abuse of this discretion.
Judgment affirmed.
ENOCH and KELLY, JJ., concur.