### No. 79SA255

### The People of the State of Colorado v. Joe Manuel Estorga

(612 P.2d 520)

Decided June 9, 1980.　　Opinion modified and as modified rehearing denied June 23, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Maureen Phelan, Assistant Attorney General, for plaintiff-appellee.

Frey & Huisjen, John P. Frey, for defendant-appellant.

*En Banc.*

JUSTICE LOHR delivered the opinion of the Court.

The defendant, Joe Estorga, was convicted of sexual assault on a child (section 18-3-405, C.R.S. 1973) following a jury trial. The defendant appealed, and the case was subsequently transferred from the court of appeals to this court pursuant to section 13-4-110(1)(a), C.R.S. 1973. We reverse and remand for a new trial.

The victim of the sexual assault was a ten-year-old girl who was mentally retarded to some degree. In March 1976 her family moved into an apartment building which was managed by the defendant. The defendant and his family resided in that building. The victim became friendly with the defendant's wife and children and visited them frequently. In early February 1977 the defendant and his family moved to a house and the defendant no longer managed the apartment building.

After the defendant moved, the victim visited with the defendant's family on four or five occasions. The majority of the visits occurred at the suggestion of the defendant, although the victim's mother, at the request of the victim, initiated at least one of the visits. On July 11, 1977, the defendant attempted to persuade the victim to visit him. Her mother told her she could go with the defendant, but the victim appeared frightened and said she did not want to go with him. She remained at home and on the next morning indicated to her mother that the defendant had sexually molested her on previous visits. Her mother then had her examined by a doctor. The doctor's examination indicated that she had sustained penetration to the vagina. The victim's mother then informed the police of the alleged crime. Thereafter, the district attorney filed an information charging the defendant with sexual assault on a child "between January 1, A.D., 1977, to [sic] July 12, A.D., 1977."[1]

---

[1] The pertinent portion of the information reads "[t]hat between January 1, A.D., 1977, to [sic] July 12, A.D., 1977, in the County of Larimer and State of Colorado, JOE MANUEL ESTORGA, not the spouse of the victim, . . . did unlawfully and feloniously subject said victim to a sexual contact when said victim was less than 15 years old and said defendant was at least 4 years older than said victim . . . ."

Defendant has advanced several grounds for reversal. We will first consider the issue which we find necessitates reversal and will then address defendant's other arguments to guide the trial court on remand.

I.

During the People's case, three witnesses testified concerning the alleged sexual assaults. The victim testified in a very general manner that the defendant had subjected her to several different types of sexual contact, but at no time indicated what had transpired on any particular occasion. There was also testimony by the mother that the child had been with the defendant on four or five occasions and that the child later indicated that she had been sexually molested by the defendant. There was no testimony by the mother that a specific act had occurred during any particular visit. In addition, a police officer testified that, after he had described various acts of sexual contact to the defendant in general terms, the defendant admitted that he had engaged in such acts with the victim. However, the officer further testified that the defendant refused to explain any details of any particular transaction. At the close of the People's case, the defendant moved that the court order the People to elect a specific instance of sexual assault and to rely on that instance for conviction. The court denied the defendant's motion. We hold that this denial constituted reversible error.

This court held in *Laycock v. People,* 66 Colo. 441, 182 P. 880 (1919), that where there is evidence of many acts, any one of which would constitute the offense charged, the People may be compelled to select the transaction on which they rely for a conviction. The People are not required to identify the exact date of the offense, but they must individualize and select a specific act. The *Laycock* rule requiring a selection of a certain act has been affirmed on several occasions. *Shier v. People,* 116 Colo. 353, 181 P.2d 366 (1947); *Wills v. People,* 100 Colo. 127, 66 P.2d 329 (1937); *Schreiner v. People,* 95 Colo. 392, 36 P.2d 764 (1934).

The important reasons for requiring election of a specific act were succinctly stated in *Burlison v. State,* 501 S.W.2d 801 (Tenn. 1973). The Tennessee Supreme Court stated that such an election enables the defendant to prepare and make his defense to a specific charge, and assures that some jurors do not convict on one offense and others on a separate offense.[2] We adopt this rationale.

The error in not requiring the People to select a specific act was compounded when the court instructed the jury that they could find the

---

[2] The Tennessee Supreme Court also mentions that the election protects the defendant from double jeopardy. That reason is not applicable under the facts of the instant case.

defendant guilty if they found that the evidence showed that the crime had occurred at any time within three years prior to the filing of the information. Such an instruction is proper if evidence of only one transaction is admitted and there is some question as to the date of the incident. In such a situation, the jury may find the defendant guilty if it finds that the specific incident occurred within three years of the filing of the information.[3] *Albritton v. People,* 157 Colo. 518, 403 P.2d 772 (1965); *see Laycock v. People, supra.* This court held in *Eby v. People,* 63 Colo. 276, 165 P. 765 (1917), that it was reversible error to give such an instruction if there was evidence of more than one transaction and there could be some doubt as to which transaction the jury relied upon for conviction. Under the circumstances of this case, it was reversible error to give such an instruction.

## II.

Defendant contends that the trial court committed reversible error by denying the defendant's motion for psychological evaluation of the victim. We disagree. In *People v. King,* 41 Colo. App. 177, 581 P.2d 739 (1978), the court of appeals held that such an examination should be ordered only when there is a compelling reason for it and that the ordering of such an examination is within the discretion of the trial court. It further stated that the court must "balance the possible emotional trauma, embarrassment or intimidation to the complainant against the likelihood of the examination producing material, as distinguished from speculative, evidence." 41 Colo. App. at 179, 581 P.2d at 741. In the instant case, the only evidence presented with respect to the defendant's motion for psychological evaluation was the testimony of the victim's mother. The mother testified that the victim was ten years of age, had no trouble talking with people, was mentally retarded to a certain degree, had attended special education classes since entering kindergarten, and was in the highest part of her special education class. Based upon this record we find that the court did not abuse its discretion in denying the motion for psychological evaluation.[4]

## III.

Defendant next argues that the court improperly denied his motion to suppress inculpatory statements which were made at or about the time of his detention and arrest. We disagree. It is undisputed that the defendant voluntarily came to the police department at the request of a po-

---

[3] Section 16-5-401, C.R.S. 1973 (1978 Repl. Vol. 8) requires that an action based on sexual assault on a child be instituted within three years after the commission of the offense.

[4] If the motion for psychological examination is renewed in preparation for a new trial, the trial judge must exercise his discretion, applying the standards discussed herein to the facts developed in any hearing on that motion. We cannot and do not indicate any opinion as to how the trial court should rule on such a motion.

lice officer and that, upon arrival at the police department, the *Miranda*[5] rights were read to him. He then signed a waiver of those rights and proceeded to make inculpatory statements. The defendant alleges that the statements he made following his waiver should not have been admitted as the waiver was not voluntarily made, because he was extremely frightened and confused. He testified that he requested an opportunity to consult with counsel but was advised by a police officer that counsel would be appointed for him when he appeared in court. The police officer testified that the waiver was voluntary and that there was no request for counsel. The trial court resolved the conflict in the evidence against the defendant. The motion to suppress was properly denied.

## IV.

 The defendant urges that the trial court committed reversible error in finding the child victim competent to testify; allowing the child to testify; and then refusing an instruction tendered by the defendant advising the jury to weigh the testimony of the child with caution. We do not agree with these assertions. Following a competency examination in which the child was questioned by the trial judge and counsel for both parties, the court found that the child was competent to testify. We have previously held that, if the court can determine that the witness is able to observe and relate facts accurately and understands the moral obligation to tell the truth, she is competent to testify. *Marn v. People,* 175 Colo. 242, 486 P.2d 424 (1971).[6] The trial court made findings with respect to these standards in determining that the child was competent to testify. These findings are supported by the record. The determination of competency is addressed to the discretion of the trial court and, absent an abuse of discretion, the court's ruling will not be disturbed on review. *Id.; Wesner v. People,* 126 Colo. 400, 250 P.2d 124 (1952) (involving a seven-year-old witness). We find no such abuse.[7]

 We also conclude that the court did not abuse its discretion in refusing defendant's tendered instruction to weigh the evidence of the victim carefully. A general instruction on witness credibility was given which sufficiently listed factors for the jury to consider in weighing all evidence. It was within the trial court's discretion to refuse a specific instruction which might have unnecessarily emphasized particular evidence.

---

[5] *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

[6] In *Marn v. People, supra,* the witnesses were of the ages of nine and ten. The court made no distinction between them in discussing the applicability of C.R.S. 1963, 154-1-6, which provides in pertinent part:

"(1) the following persons shall not be witnesses:

. . . .

"(b) Children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined or of relating them truly."

C.R.S. 1963, 154-1-6, is currently codified at section 13-90-106, C.R.S. 1973.

[7] On retrial, competency of the victim should be determined in light of the record there developed.

*People v. Cunningham,* 194 Colo. 198, 570 P.2d 1086 (1977). Again, we find no abuse of discretion.

## V.

■ The defendant next challenges the constitutionality of section 18-3-408, C.R.S. 1973, which forbids the giving of a jury instruction that a charge such as the one in this case is easy to make but hard to defend against (the traditional "Lord Hale" instruction). The defendant contends that section 18-3-408, C.R.S. 1973, violates the constitutional requirement of separation of powers (Colo. Const. art. III) by interfering with the rule-making power of the court established in Colo. Const. art. VI, § 21. This court specifically upheld the constitutionality of the statute against a similar attack in *People v. Fierro,* 199 Colo. 215, 606 P.2d 1291 (1980).

## VI.

Defendant's final ground for reversal involves the court's refusal to permit defendant to introduce testimony which would have allegedly impeached the victim's prior statements, on the basis that the defendant had not followed procedures prescribed in section 18-3-407, C.R.S. 1973 (now in 1978 Repl. Vol. 8). Because a new trial is necessary and the issue may not arise on retrial, we choose not to consider whether the trial court's ruling on that matter was correct.

Judgment reversed and cause remanded for a new trial.

JUSTICE LEE does not participate.