**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Roger Dwight GREEN, Defendant-Appellant.**

**No. 81CA0311.**

Colorado Court of Appeals, Div. II.

Nov. 26, 1982.

Rehearing Denied Dec. 16, 1982.

Certiorari Denied Feb. 7, 1983.

J.D. MacFarlane, Atty. Gen., Richard Hennessey, Deputy Atty. Gen., Mary J. Mullarkey and Susan P. Mele, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Roger Green, was convicted by a jury of two counts of sexual assault on a child, pursuant to § 18–3–405, C.R.S.1973 (1978 Repl.Vol. 8). He appeals, and we affirm.

Green was initially charged by information with four counts of sexual assault. It was alleged that Green assaulted three different victims. Each assault charged in a separate count was alleged to have occurred during a different time period and at a different place.

Subsequently, one of the counts was dropped, and Green was tried on the remaining three counts. Two counts related to an alleged sexual assault of a male victim, aged four, and one count related to an alleged assault of a female victim, aged six.

Testimony at trial was limited to the three separate specific incidents. Testimony was to the effect that the male victim was assaulted once in his bedroom, and on another occasion in the basement of his home. The female victim testified about an assault upon her which was perpetrated in Green's living room. The exact date of the assaults were not proven. However, it was established that each occurred within the time periods alleged, all of which took place less than three years prior to the filing of the information.

Green was subsequently convicted on the two counts of sexual assault on the male victim, but was acquitted of the charge of sexual assault on the female victim.

I.

On appeal, defendant asserts that the giving of the following instruction was error:

"You are instructed that the exact date as alleged in the information need not be proved, and that it is sufficient that the evidence proved that the act charged was actually committed within three years prior to the date alleged in the information."

Authority for this instruction is found in *Jordan v. People,* 161 Colo. 54, 419 P.2d 656 (1966); *cert denied,* 386 U.S. 992, 87 S.Ct. 1308, 18 L.Ed.2d 338, (1966), and the cases cited therein. In attacking the use of this instruction, Green relies upon the cases of *People v. Estorga,* 200 Colo. 78, 612 P.2d 520 (1980); *Laycock v. People,* 66 Colo. 441, 182 P. 880 (1919); and *Eby v. People,* 63 Colo. 276, 165 P. 765 (1917). Such reliance is misplaced.

In each of the cited cases where the use of an instruction like the one above was disapproved, it was because there was only a single charge, but the evidence disclosed several transactions or assaults, and no elec-

tion was made by the People as to which they relied upon to support the conviction. This is not the situation in the case at bar.

Green was tried on three separate counts of sexual assault. Each count was premised upon a single specific transaction. At trial, the People introduced evidence concerning each of the three transactions. While there was evidence of more than one transaction, the evidence was segregated and identified with a particular count. *See People v. Estorga, supra; Laycock v. People, supra.* Accordingly, where, as here, there is some question as to the date of a specific incident, an instruction such as the one above is proper. *People v. Estorga, supra.*

■ We note that for the first time on appeal, Green has argued that this instruction contained an erroneous statement of the law, inasmuch as it would have permitted consideration of acts which were committed within three years prior to the "date alleged in the information" rather than within three years prior to the filing of the information. *See* § 16–5–401, C.R.S.1973. However, as there was no allegation of, or evidence concerning assaults, occurring more than three years prior to the filing of the information, the giving of the instruction in the form quoted does not constitute plain error. Even if we were to consider it as plain error, it would not amount to reversible error because Green could not possibly have been prejudiced thereby.

■ Further, the propriety of any one instruction must be determined by considering all of the instructions as a whole. *People v. Manier,* 184 Colo. 44, 518 P.2d 811 (1974).

Here, we note that another instruction specifically described which specific incident was relied upon by the People to support each particular count of the information. The only missing element in the proof was the specific date of each incident and the instruction quoted above was correctly used to address this problem in the proof.

## II.

■ Green also urges, for the first time on appeal, that the trial court's failure to make a preliminary finding that he was competent to stand trial is plain error. We disagree.

The record reveals that Green's attorney initially raised the issue of his competency. Despite Green's objections, and assertions that he was competent, he was sent to the Colorado State Hospital for a competency examination. The reports received by the court at the conclusion of such examinations declared that Green was competent to stand trial, and subsequently his attorney conceded his competency in open court. There was no request made for a hearing on the issue, and the trial court ordered the matter to proceed to trial.

Green argues, in effect, that the trial court's failure to make a preliminary finding of competency on the record is plain error. *See* § 16–8–111(1), C.R.S.1973 (1978 Repl.Vol. 8). While the language of the statute is mandatory in nature, *i.e.,* "the court shall make a preliminary finding," in this particular instance we find no reversible error. Although the trial court failed formally to enter a preliminary finding of competence, it is obvious that the court accepted the conclusions contained in the reports when it accepted Green's concession of competency made by his attorney, and ordered the matter set for trial. Therefore, Green's due process rights were not violated, and the trial court's omission of a preliminary finding, while not in compliance with the statute, was, at most, harmless error.

The judgment is affirmed.

VAN CISE and STERNBERG, JJ., concur.