and is, DENIED as having been improvidently granted.

The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Larry DOSS, Defendant–Appellant.

No. 86CA1022.

Colorado Court of Appeals, Div. II.

Jan. 26, 1989.

Rehearing Denied March 9, 1989.

Certiorari Denied June 26, 1989.

UNITED FIRE & CASUALTY COMPANY, Petitioner,

v.

G.W. COLEMAN and Karen Coleman, Respondents.

No. 88SC515.

Supreme Court of Colorado, En Banc.

Dec. 5, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Janet Fullmer Youtz, Denver, for defendant-appellant.

Opinion by Judge SMITH.

Defendant, Larry Doss, appeals the judgment of conviction entered upon a jury verdict finding him guilty of sexual assault on a child. We affirm.

I.

Defendant first asserts that the trial court committed reversible error in admitting hearsay statements of the child victim without holding the statutorily mandated hearing on reliability or contemporaneously instructing the jury as required by § 13–25–129, C.R.S. (1987 Repl.Vol. 6A). We disagree.

Defendant's theory of the case was that the child had misrepresented the events upon which the prosecution was based. He elicited testimony from the victim and the detective who first investigated the case that, prior to her trial testimony, the child had not reported that the defendant forced her to perform fellatio on him. In addition, defendant elicited testimony from a daycare provider that the child would tell "white lies."

Since the child's prior statements to the social worker described the disputed sexual contact, and were consistent with her testimony, they were admissible as non-hearsay statements under CRE 801(d)(1)(B) to rebut defendant's charge of fabrication. *See People v. Tyler,* 745 P.2d 257 (Colo.App.1987). Consequently, since the statements were otherwise admissible by court rule, § 13–25–129, C.R.S. (1987 Repl.Vol. 6A) is not applicable by its own terms. Moreover, in our view, defendant's impeachment of the child's testimony was general enough to make relevant and probative the complete testimony of the social worker as to the sexual contact described by the child. *See People v. Tyler, supra.*

We find no merit in defendant's contention asserted for the first time on appeal that the prior statements were also inadmissible because they constituted opinion evidence as to the victim's truthfulness on a particular occasion in violation of *People v. Koon,* 724 P.2d 1367 (Colo.App.1986). Here, the expert testified that the child was able to describe accurately the details and sequence of events necessarily involved in the alleged sexual conduct. We conclude that this testimony falls short of being a statement that the child was truthful on this occasion. In addition, the expert's testimony as to her experience of the veracity of children alleged to have been sexually abused was admissible. *See People v. Higa,* 735 P.2d 203 (Colo.App.1987); *see also People v. Mathes,* 703 P.2d 608 (Colo.App.1985); *People v. Ashley,* 687 P.2d 473 (Colo.App.1984).

II.

Defendant next asserts error in the court's failure to require the prosecution to elect between charges prior to trial. Originally, defendant was charged with one count of sexual assault on a child under § 18–3–405, C.R.S. (1986 Repl.Vol. 8B), and one count of first degree sexual assault under § 18–3–402, C.R.S. (1986 Repl.Vol. 8B). The amended bill of particulars filed by the prosecution revealed that several acts were charged as having occurred on different occasions. During the victim's testimony, and based on an offer of proof by the prosecution, the trial court ruled that the first three of the four claimed incidents would be treated as a single continuing episode and that the last incident would be treated as a similar transaction. During the victim's testimony, the court required an election of the charges, and the People elected to proceed on the charge of sexual assault on a child.

Nonetheless, defendant asserts that since election was not required *prior* to trial, he was unable to defend effectively against the charges. We disagree.

*People v. Estorga*, 200 Colo. 78, 612 P.2d 520 (1980) requires that, when there is evidence of many acts, any of which would constitute the offense, then the People must individualize and select a specific act on which they rely for conviction. The reasons for such an election are to enable a defendant to prepare his case, defend against specific charges, and be protected from double jeopardy. *People v. Estorga, supra.*

However, *Estorga* does not support the proposition that such election must occur prior to trial. Rather, it is within the discretion of the trial court to determine when an election should be compelled. *Schreiner v. People*, 95 Colo. 392, 36 P.2d 764 (1934). We perceive no abuse of that discretion here.

### III.

■■■ Defendant also contends plain error occurred in that the prosecutor implicitly expressed her personal opinion of the credibility of defendant's expert witness during her cross-examination and in closing argument. The prosecutor characterized the expert as having misused many of the skills of the English language and stated that "if you find that that man has any shred of credibility at all, that is entirely for you to decide." There was no contemporaneous objection made to these comments. We find no grounds for reversal in this regard.

A prosecutor may draw reasonable inferences as to the demeanor and credibility of witnesses. *People v. Constant*, 645 P.2d 843 (Colo.1982), *cert. denied*, 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982). The questions or statements of the prosecutor at issue here are not sufficiently prejudicial, repetitious, or egregious to constitute plain error. *See People v. Constant, supra.* Likewise, the prosecutor's conduct falls far short of that condemned in *People v. Trujillo*, 624 P.2d 924 (Colo.App.1980).

### IV.

■■■ Finally, defendant argues that the court should have granted his request for a continuance because the prosecution failed to disclose material evidence. We are not persuaded by his arguments in this respect.

During the testimony of the social worker, it was revealed that the child had participated in some ongoing treatment with a therapist. However, the social worker testified that the particulars of that treatment, or the reason why that therapist did not conduct the same evaluation performed by the social worker, were not known to her. The prosecutor indicated that she was also unaware that the child had seen a therapist until nine days prior to trial. She thought that the child had seen this therapist only a limited number of times. The trial court denied the defendant's motion for a continuance, made the day after the social worker testified, and concluded that since the therapist was not a witness under the prosecution's control, there was no violation of Crim.P. 16(I)(a)(2). We agree with this conclusion.

### A.

Crim.P. 16(I)(a)(2) requires the prosecuting attorney to disclose to defense counsel any material or information within his possession or control which tends to negate the guilt of the accused as to the offense charged or would tend to reduce the punishment therefor. In our view the identity of the therapist neither tends to negate, nor support, the defendant's guilt, and consequently, the threshold for disclosure was not crossed. Moreover, defendant had the ability to contact the therapist during the several days that the trial progressed to ascertain whether she had any material information about the child's credibility, the central issue here, and to so advise the court. Such was not done.

### B.

Defendant argues that the prosecution has the duty to disclose not only information admissible at trial, but also any rele-

vant evidence which may affect the outcome of the trial.

 Here, the alleged discovery violation did not amount to suppression, but was the result, if anything, of the failure to investigate. *See People v. Norwood,* 37 Colo. App. 157, 547 P.2d 273 (1975). Under the due process standard enunciated in supreme court cases, the aim of compelling discovery of exculpatory information is a fair trial for defendant, *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and reversal for failure to disclose information to the defendant is mandated only if the information might have affected the outcome of the trial. *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *People v. Thatcher,* 638 P.2d 760 (Colo.1981).

 A new trial is not mandated merely because the trial court cannot label the non-disclosure as harmless. Rather, constitutional error is committed only if the omitted evidence, in the context of the entire record, creates a reasonable doubt that did not otherwise exist. *United States v. Agurs, supra.* This rule is applied without regard to the good faith of the prosecutor's action. *People v. Sheppard,* 701 P.2d 49 (Colo.1985).

 Any distinction between impeachment and exculpatory evidence has been rejected, and both fall within the *Brady* rule since such evidence, if disclosed and used effectively, may make the difference between a conviction or an acquittal. *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Thus, when the reliability of a given witness may be determinative of guilt or innocence, non-disclosure of evidence relating to credibility may require a new trial; however, evidence possibly useful to the defendant but not likely to change the verdict does not automatically require a new trial. *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

 Constitutional error requiring reversal of a conviction occurs only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial, *United States v. Bagley, supra.* Evidence is material, whether it was requested or not, and whether requested in a general or specific manner, only if there is a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed to the defense. *United States v. Bagley, supra.*

 Applying these principles here, we conclude that the knowledge that the child had seen another therapist was immaterial to the outcome of the case. Defendant had ample opportunity to cross-examine the social worker and other witnesses as to the child's credibility. Any further evidence would have been merely cumulative. Nor is there a reasonable probability that the failure to disclose this information was sufficient to undermine confidence in the outcome.

Accordingly, the judgment of conviction is affirmed.

METZGER and MARQUEZ, JJ., concur.