The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Frank WOERTMAN, Defendant–Appellant.

No. 86CA1069.

Colorado Court of Appeals, Div. II.

July 6, 1989.

Rehearing Denied Aug. 17, 1989.

Certiorari Granted Jan. 8, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Guy Till and Virginia Byrnes Horton, Asst. Attys. Gen., Denver, for plaintiff-appellee.

Gregory J. Fasing, P.C., Gregory J. Fasing, Denver, for defendant-appellant.

Opinion by Judge SMITH.

Defendant, Frank Woertman, appeals a judgment of conviction entered upon a jury verdict finding him guilty of one count of sexual assault on a child. He contends that the trial court erred in denying a number of his motions, in permitting certain testimony, in granting only in part his motion for a bill of particulars and to compel election of a specific act, in denying the defense access to expert witness records, in upholding the constitutionality of § 13–25–129, C.R.S. (1987 Repl.Vol. 6A), and in allowing the jury foreman to change a not guilty verdict to guilty. We affirm.

The victim of the sexual assault was a ten-year-old boy who had a documented history of psychiatric disturbances. He had been in therapy for a number of years

and had been taking daily doses of a psychotropic drug for approximately one and one-half years prior to trial.

For approximately two years the defendant had acted as a surrogate older brother to the victim, and during this relationship the child often stayed overnight at the defendant's house.

In August 1985, the victim told his mother of improper conduct that occurred when defendant had taken a shower with him while he was staying with defendant. This disclosure was followed by others in which the child stated the defendant had pinched his penis and committed other sexual acts over a period of one to one and one-half years. A subsequent physical examination revealed scars on the victim's penis.

In October 1985, the defendant was charged with three separate counts of sexual assault on a child, counts I and II involving the victim here and count III involving another 10–year–old boy. The defendant was found not guilty on counts II and III.

## I.

### A.

The defendant contends that the trial court erred in limiting the People's duty to provide a bill of particulars and in denying his motions seeking to require the People to elect specific acts. We disagree.

■ A bill of particulars must sufficiently inform the defendant of the particular charges at issue so that he is given a fair opportunity properly to prepare his defense. However, the People are not required to identify the exact date of the offense. *People v. Estorga*, 200 Colo. 78, 612 P.2d 520 (1980).

■ In response to the defendant's motion for a bill of particulars, the People provided specific details of the incident that occurred when defendant and the victim took a shower together.

Our examination of the People's response to the defendant's motion shows that it contained an appropriately narrow time frame and enough detail regarding the alleged act sufficiently to apprise the defendant of charges against him. Thus, we perceive no error in this regard.

### B.

■ Citing *Kogan v. People*, 756 P.2d 945 (Colo.1988) and *People v. Estorga*, *supra*, the defendant argues that the prosecution should have been required to elect the specific acts on which the charges were based. We disagree.

As in the cases cited by the defendant, evidence of many acts of sexual abuse was introduced during trial. However, when, as here, the defendant has been charged with three separate counts of sexual assault, it is sufficient that the evidence introduced was segregated and identified with the particular count. *People v. Green*, 658 P.2d 281 (Colo.App.1982). Here, each count was premised on a specific transaction identified by a date (within approximately sixty days) and by unique detail. Further, these dates were included in the instructions given to the jury.

We do not agree with the defendant's arguments that these counts were so nonspecific that the jury was uncertain regarding the transaction upon which the conviction was based. Thus, we hold that the trial court did not err in denying the defendant's motion to require that the People elect specific acts.

■ Also, contrary to defendant's contention, the trial court did not err in instructing the jury that: "It is sufficient that the evidence proved that the act charged was actually committed within three years prior to the date the information was filed." *See People v. Green*, *supra*.

## II.

The defendant next argues that the trial court made several errors in the admission of testimony. We disagree.

### A.

■ The defendant contends that testimony by two expert witnesses on the dy-

namics of child sexual assault was inadmissible because its sole purpose was to prove the fact of the sexual assault.

The challenged testimony addressed a collection of behaviors which are typical of children who have been sexually abused. The fact that some of these behaviors were observed as occurring in the victim serves the proper purpose of corroborating the testimony of the victim and does not make such testimony inadmissible. *People v. Hampton,* 746 P.2d 947 (Colo.1987).

Because the testimony of the dynamics of child sexual assault could be used by the jury to understand the evidence and determine facts in issue, it was properly admitted under CRE 702.

### B.

Next, the defendant asserts that the trial court improperly admitted testimony regarding the truthfulness of child sexual assault victims, including that of the victim here.

■ In sexual assault situations when the victim is a young child, opinion testimony as to the credibility of the child victim is admissible to assist the jury in evaluating the credibility of the testifying child if such testimony relates to general characteristics for truthfulness. However, a witness may not give opinion testimony as to whether a witness is telling the truth on a specific occasion. *People v. Koon,* 713 P.2d 410 (Colo.App.1985).

■ Here, the testimony that children do not generally fabricate sexual assaults was properly admissible under *Koon, supra.* However, some of the testimony which was given by the victim's mother and therapist directly addressed the child's veracity generally.

The testimony by the victim's mother included general statements that while the victim did not always tell the truth, he was a "very honest child" and told the truth "most of the time." The record discloses that these statements were largely in response to the defendant's inquiries regarding the victim's character for honesty, his psychological state in light of his history of

psychological disturbance, and his use of a tranquilizer. The therapist's statement, "I think [the victim] is honest" was in response to a question regarding the child's character for truthfulness that was asked after the defense had repeatedly raised the issue of the child's veracity.

CRE 608(a) provides that opinion and reputation evidence of character is admissible as long as the evidence refers only to character for truthfulness or untruthfulness and that element of the witness' character has been attacked. Based on the foregoing, we agree with the trial court that there was sufficient basis for the admission of this evidence.

### III.

The defendant asserts that the trial court made a number of errors regarding § 13–25–129, C.R.S. (1987 Repl.Vol. 6A). We do not agree.

### A.

■ First, the defendant maintains that § 13–25–129 is unconstitutional because it constitutes an encroachment by the General Assembly upon the exclusive power of the judiciary to prescribe court procedures and thus violates Colo. Const. art. VI, § 21. The supreme court has declined to accept jurisdiction for the purpose of addressing this issue. This court, however, has no jurisdiction to determine the constitutionality of the statute, and we therefore do not address it. *See* § 13–4–102(1)(b), C.R.S. (1987 Repl.Vol. 6A); *People v. Salazar,* 715 P.2d 1265 (Colo.App.1985).

### B.

Alternatively, the defendant argues that the trial court erred in admitting into evidence hearsay statements of the child without complying with the safeguards provided in § 13–25–129, C.R.S. (1987 Repl.Vol. 6A).

In accordance with § 13–25–129, the court conducted a number of *in camera* hearings to determine if the statements the child made to his mother, therapist, exam-

ining physician, and a detective contained sufficient safeguards of reliability for admission. Our review of the record reveals that there were substantial bases presented to support the court's conclusion that the statements were reliable. Also, we reject defendant's contention that four days' notice of the prosecution's intent was insufficient to use the statements.

## IV.

The defendant next contends that the trial court erred in denying his motion to exclude similar transaction evidence. We disagree.

■ Evidence of other crimes, acts, or wrongs which are part of the *res gestae* of the offense is admissible if it is relevant and its probative value is not substantially outweighed by the probability of unfair prejudice to the accused. *People v. Freeman*, 668 P.2d 1371 (Colo.1983).

■ The evidence of "similar acts" to which the defendant, objects were either properly admissible under the counts for which the defendant was not convicted or were part of the *res gestae* of the offense which the defendant appeals. Such evidence concerned acts of abuse committed by the defendant against the victim and they were admitted to show the relationship between the defendant and the victim and to clarify and explain the context in which the abuse took place. Additionally, the trial court determined that the probative value of this evidence outweighed its prejudicial effect. Furthermore, the record shows that at the time evidence of similar acts was admitted, and again at the completion of the trial, the jury was instructed on the limited use of this evidence. Thus, we hold that the trial court did not abuse its discretion in denying the defendant's motion.

Since we find the evidence was properly admissible as part of the *res gestae* of the offenses charged, we do not address the defendant's arguments premised on *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979).

## V.

The defendant contends that the trial court erred in denying defense access to expert witness notes and records subpoenaed or requested before trial. We disagree.

## A.

■ First, the defendant argues that all of the records of the victim's therapist from 1982 through 1985 should have been disclosed prior to trial in order that he could effectively cross-examine the therapist and present a defense. We reject this contention.

The record discloses that defendant was provided with a plethora of records well before trial, including not only the therapist's records, but records from other professionals and the Department of Social Services. Finally, the remaining records were released to defendant three days before trial, and he was given the opportunity to recall the witness who could testify as to these records "at anytime" if he felt it necessary. Under such circumstances, there was no prejudice to defendant.

The confrontation clause of the Sixth Amendment guarantees only: "[a]n *opportunity* for effective cross-examination not cross-examination in whatever way, and to whatever extent, the defense might wish." *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985). Accordingly, in our view, the records released by the trial court prior to, and during, trial provided the defendant an opportunity for effective cross-examination, and the nondisclosure of the remaining records did not violate either the defendant's constitutional rights or his rights under Crim.P. 16.

## B.

We reject as without merit defendant's contention that notes from other expert witnesses were not provided prior to trial.

## VI.

■ Next, the defendant contends that the trial court erred in denying the defense motions for psychological and physical examinations of the child. We disagree.

The defendant argues that because of the victim's long psychological history, an independent psychological exam was necessary to provide recent evidence of his mental functioning. The defendant also argues that the trial court abused its discretion in refusing to require an independent physical examination of the victim because the victim had a history of both self-destructive behavior and previous physical abuse, and because the alleged scarring of the victim's penis, the only physical evidence indicative of the assault, had been viewed only by the prosecution's witness.

Ordering a psychological exam is discretionary with the trial court. It should be ordered only when there is compelling reason for it and after balancing the possible emotional trauma and embarrassment of the victim against the likelihood that such an exam will produce material, as distinguished from speculative evidence. *People v. Lucero,* 724 P.2d 1374 (Colo.App.1986). *See also People v. King,* 41 Colo.App. 177, 581 P.2d 739 (1978). The fact that the child is in therapy is only one factor for the court to consider. *People v. Piro,* 671 P.2d 1341 (Colo.App.1983).

■ No Colorado case has addressed a court's authority to order the victim of a sexual assault to submit to a physical exam at the request of the defense. However, for the following reasons, we conclude that the test and analysis set forth in *People v. Lucero, supra,* should apply: First, the nature of the inquiry, although for a different purpose, is invasive and thus accompanied by the same possible emotional trauma, embarrassment, or intimidation as experienced with a psychological exam; second, in states in which this issue has been raised, the courts have held that only upon the defendant's presentation of a compelling reason will such an examination be ordered. *See People v. Glover,* 49 Ill.2d 78, 273 N.E.2d 367 (1971). No such compelling reason appears here.

■ With regard to the defendant's request for a psychological exam, the record discloses that the defendant received numerous medical and psychological reports, records, and notes relating to the child's past and present psychological functioning. These materials provided the defendant recent evidence of the victim's mental functioning, thus reducing the defendant's compelling need for an independent psychological exam.

Furthermore, given the child's psychological history which is revealed in these materials, the trial court properly found that the emotional trauma of an additional exam outweighed the material evidence such an examination would have produced.

■ The record reveals that the physician who conducted the physical exam and observed the scars did not do so at the request of the prosecution and that she merely gave her opinion that such scars were "consistent" with fingernail pinching. She also testified that the age of such scars or who caused them was not determinable. We agree with the prosecution that this testimony, even though it relates to the only physical evidence, does not present the compelling reason for an additional exam.

Under the circumstances, it appears unlikely that an additional examination would reveal material evidence on causation of the scars and that any such evidence would be outweighed by emotional trauma and embarrassment to the child. Furthermore, any inferences which could be drawn regarding the scars from the physician's testimony were rebuttable on cross-examination. Hence, the trial court did not abuse its discretion in denying the defendant's motion for psychological and physical exams.

## VII.

The defendant next asserts that the trial court erred in permitting the child to testify because he was mentally incompetent and under the influence of a psychotropic drug. We disagree.

A witness is presumed to be competent to testify. Section 13–90–101, C.R.S. (1987 Repl.Vol. 6A). Whether or not a witness is competent to testify is addressed to the sound discretion of the trial court, and its ruling may be disturbed only upon a finding of clear abuse of discretion. *Marn v. People*, 175 Colo. 242, 486 P.2d 424 (1971).

Here, the record shows that the trial court carefully considered the child's competency through review of a great number of records and upon personal observations of his appearance and testimony. Hence, there is evidentiary support for the trial court's ruling, and that determination will not be disturbed on review.

### VIII.

Finally, inasmuch as the jury was polled in open court concerning the verdict, there is no merit to defendant's contention that the unanimity of the verdict was brought into question by the jury foreman having removed his signature from the not guilty form.

Insofar as we have jurisdiction of the issues raised, the judgment is affirmed.

STERNBERG and REED, JJ., concur.