Frederick Raymond CORDOVA,
Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 93SC74.

Supreme Court of Colorado,
En Banc.

Sept. 12, 1994.

---

David F. Vela, State Public Defender, F. Brittin Clayton, III, Sp. Deputy State Public Defender, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russell, First Asst. Atty. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for respondent.

Justice SCOTT delivered the Opinion of the Court.

In *People v. Cordova*, 854 P.2d 1337 (Colo. App.1992), the court of appeals affirmed the trial court's judgment of conviction that found the petitioner, Frederick Raymond Cordova (Cordova), guilty of one count of sexual assault on a child. Because we find no error in the trial court's actions, we affirm.

I

On June 28, 1989, the People filed an information charging Cordova with two counts of sexual assault on a child in violation of section 18–3–405, 8B C.R.S. (1986).[1] As later amended, the first count of the information alleged that Cordova had sexually assaulted "S.S.," the daughter of a female friend, on several occasions during a six-month interval beginning on November 1, 1987, and ending April 30, 1988. The second count alleged that Cordova sexually assaulted the child once between March 28, 1988, and June 3, 1988.

Prior to trial, Cordova asked the district court to order the prosecution to select a specific act upon which count one of the information was based, and to specify the date and essential facts of each of the alleged offenses. In support of his motion, Cordova asserted that the charging documents must set forth a clear statement of the essential facts as to the alleged conduct in order to comport with due process requirements,[2] and our decision in *People v. Estorga*, 200 Colo. 78, 612 P.2d 520 (1980).[3] Cordova's motion was denied and trial was set for August 6, 1990.

At Cordova's trial, most of the evidence offered by the prosecution consisted of testimony by S.S. and those adults in whom S.S. had confided. The evidence presented in support of count one was generally more detailed and comprehensive than that introduced to prove the allegations of count two. The count one evidence included several identical acts of sexual assault, whereas the evidence supporting count two referred to only a single sexual assault.

At the close of the prosecution's case-in-chief and before presenting his defense, Cordova renewed his motion that the prosecution specify a particular act and specific date as to the alleged offenses under count one. The trial judge denied Cordova's motion.

1. Section 18–3–405(1), 8B C.R.S. (1986) provides that anyone who "knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim."

2. Cordova asserted that due process requires that the information "contain a clear statement of the essential facts which constitute the offense charged so that the Defendant can prepare a defense and plead resolution of the Complaint as a bar to later proceedings." (Citing *People v. Donachy*, 196 Colo. 289, 586 P.2d 14 (1978)).

3. Cordova cited *People v. Estorga*, 200 Colo. 78, 612 P.2d 520 (1980) for the proposition that where there is evidence of more than one act which could constitute the offense charged, the prosecution may be compelled to select one particular transaction on which it relies for conviction; while not required to identify the exact day of the offense, the prosecution must nevertheless individualize and select a specific act. The point of this requirement is to enable the defendant "to prepare and make his defense to a specific charge, and [to] assure[ ] that some jurors do not convict on one offense and others on a separate offense." *Estorga*, 200 Colo. at 81, 612 P.2d at 523 (adopting rationale expressed in *Burlison v. State*, 501 S.W.2d 801 (Tenn.1973)).

Cordova presented his evidence and at the close of his defense, the trial judge and counsel met in chambers to discuss the proposed jury instructions. During that meeting, defense counsel again requested that the prosecution be required to select a particular act and identify specific dates when the alleged count one acts occurred. After some discussion regarding both the election of specific acts and the identification of relevant dates, the prosecution moved to dismiss count one. When defense counsel did not object, the trial court granted the prosecution's motion to dismiss count one.

After rebuttal evidence by the prosecution, the trial court again recessed in order to confer *in camera* with counsel about the proposed jury instructions. During that conference, defense counsel raised concerns about a proposed jury instruction she had tendered to the court, Jury Instruction Number Eleven. That instruction directed the jury that consideration of other sexual acts was permitted solely "for the limited purpose of establishing a common plan." [4]

In chambers, defense counsel argued that if evidence introduced to prove the count one charge against Cordova was admitted as "similar acts" evidence, the first of the two-part requirement of section 16–10–301(2–3), 8A C.R.S. (1986),[5] mandating a contemporaneous instruction on admission, would technically be violated. Defense counsel acknowl-

edged, however, that at the time the count one evidence was introduced, there was no need for the contemporaneous limiting instruction to be delivered in light of the fact that the count one evidence had been admitted as direct evidence for the sole purpose of proving the allegations under count one, and *not* to show a common plan, motive, intent, design or so forth. Defense counsel argued that the ultimate effect of this sequence of events was highly prejudicial to Cordova's case, nonetheless.

In response to defense counsel's concerns as to undue prejudice, the trial judge noted the unusual circumstances created by the dismissal of count one charges and stated:

I think, as you've suggested, the procedure which we have *de facto* ended up following today is authorized in the case law; and there is no requirement that a contemporaneous [section 16–10–301] instruction be given to the jury.

. . . .

[F]or the record, I intend to instruct the jury first then when I bring them out that count one has been withdrawn from their consideration and that they are only to deliberate and consider count two.

Thus the trial court concluded that compliance with the section 16–10–301 contemporaneous limiting instruction requirement could not have been anticipated at the time the

---

4. Jury Instruction Number Eleven provided as follows:

[T]he defendant is charged with committing a sexual assault at the [second residence shared by Cordova, the victim's mother and the victim]. Evidence of other sexual acts was admitted for the limited purpose of establishing a common plan. You are instructed that you cannot consider evidence admitted for a limited purpose except for the limited purpose for which it was admitted.

5. In 1986, the General Assembly codified our decisions in *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979) and *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959), that certain limiting instructions be given to assure defendants are not unduly prejudiced by the admission of similar acts or transactions. Section 16–10–301(2–3), 8A C.R.S. (1986), provides in relevant part as follows:

(2) If the prosecution intends to introduce evidence of similar acts or transactions ... the prosecutor shall advise the trial court of the purpose for which evidence of similar acts or transactions is offered.... The trial court shall determine whether or not the evidence offered is relevant and, if relevant, whether or not the prejudice which would result to the defendant by the introduction of the evidence outweighs the evidentiary value of the evidence.

(3) The trial court shall, at the time of the reception into evidence of similar acts or transactions and again in the general charge to the jury, direct the jury as to the limited purpose for which the evidence is admitted and for which the jury may consider it.

count one evidence was admitted, and that in any case, the cautionary limiting instruction in the general charge to the jury, including Jury Instruction Number Eleven, served as an adequate protective device against undue prejudice to Cordova. Both defense counsel and the prosecution expressly agreed with this analysis. Moreover, the defendant did not object to the court's decision to allow the count one evidence to be used for similar acts evidence, or move to strike or limit the admissibility of the evidence originally offered to prove count one, nor did the defendant move for a mistrial.

After the jury was duly instructed, it returned a verdict of guilty and the trial court sentenced Cordova to four years probation and ninety days in the Adams County jail as a condition of his probation. Cordova appealed the verdict to the court of appeals and that court affirmed, stating that the prosecution is allowed "to wait until the close of the case to make an election as to what specific transactions it [is] prosecuting," and that "there was no error in admitting the evidence without a limiting instruction as a part of the prosecution's case-in-chief." *People v. Cordova*, 854 P.2d at 1340–41.

Cordova sought review of the court of appeals' decision, and we granted certiorari to determine whether the trial court erred in ruling that, as a consequence of the dismissal of count one, similar acts evidence was admissible despite the absence of the contemporaneous limiting instruction required under section 16–10–301(2–3).[6]

## II

Under our settled law, where there is evidence of several different acts, any one of which would constitute the offense charged, the prosecution may be compelled to select a specific act. *Roelker v. People*, 804 P.2d 1336 (Colo.1991); *People v. Estorga*, 200 Colo. 78, 612 P.2d 520 (1980) (citing *Laycock v. People*, 66 Colo. 441, 182 P. 880 (1919)). The prosecution is not required, however, to select the particular act upon which it intends to rely for a conviction until the close of its case-in-chief. *Thomas v. People*, 803 P.2d 144, 154 (Colo.1990)[7] (pointing out that the election of a specific act need not be made before the conclusion of prosecution's case-in-chief); *see also Kogan v. People*, 756 P.2d 945, 956 (Colo.1988) (stating that the consensus rule as to when election of the particular act can be compelled is at the close of prosecution's case-in-chief). Nor is the prosecution required to specify the precise dates when the alleged acts occurred. *Roelker*, 804 P.2d at 1340.

This body of law makes clear that in the present matter, the trial court acted properly in allowing count one to reflect a six-month period of time wherein the alleged assault occurred, and in allowing the prosecution to wait until the close of its case-in-chief before specifying which type of act of sexual assault it intended to prove under count one. At that time, the prosecution expressly alleged that Cordova's unlawful acts were set forth in counts one and two. *See* p. 1217, *supra*. Later, however, and an essential fact here, count one was ultimately dismissed, thereby mooting concerns besetting the *Estorga* selection.

■ The real dispute in this case arose when the prosecution moved for a dismissal

---

6. The precise language of the issue upon which we granted certiorari follows:

In a criminal case where § 16–10–301, 8A C.R.S. (1986), governs the admission of similar transaction evidence, and where the prosecution fails to select a specific act in support of one count in a multi-count information and voluntarily dismisses that count, whether the District Court erred by submitting to the jury all of the evidence on the dismissed count as similar transaction evidence in support of the remaining counts without having given the contemporaneous limiting instruction and without having followed the other procedures required by section 16–10–301.

7. In *Thomas v. People*, 803 P.2d 144 (Colo.1990), we affirmed Thomas' judgment of conviction; subsequently, however, Thomas moved to vacate his conviction on the ground of ineffective assistance of counsel. After the district court denied his motion, Thomas appealed to our court, and we held that he was entitled to an evidentiary hearing on his ineffective assistance claim. *People v. Thomas*, 867 P.2d 880 (Colo.1994). Because the post-conviction relief issue in the latter *Thomas* opinion has no bearing on our conclusion in our 1990 *Thomas* opinion as to when the specific act election is required, our holding today is consistent with our precedent.

of the count one charge and the trial court permitted evidence originally admitted as to count one to stand as "similar transactions" evidence in support of count two. This sequence of events created a situation wherein, technically speaking, the contemporaneous limiting instruction mandated by section 16–10–301(2–3) was not given. It is also true, however, that there never was a need for a contemporaneous limiting instruction.

At the time it was offered, the evidence presented to support count one was direct evidence, and hence no limiting instruction was required. When the prosecution moved to dismiss count one without objection from the defense, the direct evidence was recast as evidence of a similar act, scheme, or plan. Additionally, no motion was made by the defense to strike or to limit the admissibility of the evidence originally offered to prove count one but later received as similar acts evidence. Furthermore, the trial court provided a limiting instruction that, to the extent possible given the circumstances, satisfied the requirements of section 16–10–301(2–3). Finally, the trial court's response met with the approval of both the prosecution and the defendant.

We find the trial court's response reasonable and presume that the jury followed the trial court's limiting instruction. *People v. Ibarra*, 849 P.2d 33, 39 (Colo.1993); *People v. Truesdale*, 190 Colo. 286, 546 P.2d 494 (1976). Thus, because in the instant case the trial court could have done little more than it did under the circumstances, we find that the trial court committed no error.[8]

### III.

Because we find no error, we affirm the judgment of the court of appeals upholding the actions of the trial court.

---

**8.** Although we do not accept Cordova's argument that the trial court erred here, where circumstances potentially admit of grave prejudicial error, the remedy available to the defendant is to raise an objection or move for a new trial. *People v. Sanchez*, 180 Colo. 119, 121, 503 P.2d 619, 620 (1972).