J. C. H. Service Stations, Inc., Plaintiff, *v.* Emanuel Patrikes et al., Individually and as Copartners under the Name of Times Square Service Station, Defendants.

City Court of New York, Special Term, Queens County, January 7, 1944.

*Silberman & Steinfeld* for plaintiff.

*Harry Meisnere* for Emanuel Patrikes, defendant.

TOWERS, J. Motion by plaintiff to strike out the answer of defendant Emanuel Patrikes, and for judgment in favor of plaintiff pursuant to the provisions of rules 110 and 113 of the Rules of Civil Practice. The three named defendants, Emanuel Patrikes, Andrew Leapes and Leonard Mimoni, were copartners doing business under the firm name and style of Times Square Service Station, and judgment is sought herein against them individually and also against their partnership

property pursuant to the provisions of section 229-a of the Civil Practice Act █ (erroneously referred to in the motion papers as section 295-A of the Civil Practice Act).

The action is to recover rent for the months of December, 1942, and from January to and including August, 1943, under a written lease acquired by the three named defendants by assignment, with the knowledge, consent and approval of plaintiff landlord. The premises covered by the lease were used by the three named defendants to carry on therein their copartnership business. Two of the three named defendants, Andrew Leapes and Leonard Mimoni, have not been served with the summons herein nor have they appeared in the action. The defendant Emanuel Patrikes has been served with the summons and has served an answer.

The factual questions applicable to the instant action, including the defense of surrender and acceptance urged on this motion, and certain questions of law then applicable were fully considered and determined by my learned associate, Mr. Justice CONROY, in an exhaustive opinion in *Patrikes* v. *J. C. H. Service Stations, Inc.* (180 Misc. 917), which was affirmed by the Appellate Term (180 Misc. 927) and a motion to reargue or for leave to appeal to the Appellate Division denied, and a motion in the Appellate Division for leave to appeal to that court was likewise denied (266 App. Div. 924). The plaintiffs in that action are the same persons who as individuals and as copartners are defendants in the instant action. The defendant in that action is the plaintiff in the instant action. That action was to recover the sum of $1,500 deposited as security under the lease in question. The other action came before this court on a motion to dismiss the complaint. The motion was granted because it there appeared that the lease was not terminated in its entirety and also because this court by reason of its limited jurisdiction had no authority to determine the rights of the partners as between them, in and to the amount deposited, as aforesaid, so as to direct the return of any part thereof.

It appears from the papers used on the motion in the other action, which are made a part of this motion, as well as from the papers on this motion, that sometime prior to October 31,

1942, the named defendant Leonard Mimoni was inducted into military service and also that prior to that date the named defendant Andrew Leapes was classified 1-A and had been served with an order by his local draft board to appear for formal induction into military service. I do not think the exact date of the service of such order is here important. On that date, October 31, 1942, the plaintiff landlord was served personally with the following notice:

" October 30, 1942

J. C. H. SERVICE STATIONS, INC.
  52-01 Van Dam Street
    Long Island City, N. Y.

GENTLEMEN:

This is to advise you that the undersigned will vacate the premises occupied by them pursuant to lease dated September 30, 1939, and modified the 27th day of April, 1942, covering premises 30-19 Northern Boulevard, Long Island City, on the 30th day of November, 1942.

This notice is given to you pursuant to the Soldiers & Sailors Relief Act of 1940 as amended.

Very truly yours,

ANDY LEAPES

EMANUEL PATRIKES

LEONARD MIMONI
    By: ANDY LEAPES, *Atty*
        EMANUEL PATRIKES, *Atty* "

It appears to have been conceded on the motion in the other action that the service of the foregoing notice terminated the lease in question as to the named defendant herein, Leonard Mimoni, and it also appears to have been conceded that defendant Emanuel Patrikes was not in military service. Under such circumstances it was not necessary to determine, for the purpose of deciding the motion in the other action, whether the named defendant herein, Andrew Leapes, was in military service and the lease terminated as to him. I am of opinion, however, that the notice served was sufficient to terminate the lease as to Andrew Leapes as well as Leonard Mimoni. I think that when an individual is classified I-A and has been served by his local draft board with an order to appear for formal induction, he is forthwith in military service within the meaning and in accordance with the purposes of subdivision (2) of section 304 of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended in 1942 [U. S. Code, tit. 50, Appendix, § 534, subd.

(2)]. Section 106, added in 1942 (U. S. Code, tit. 50, Appendix, § 516), extends the relief and benefits accorded to persons in military service under articles I, II and III of the Act as amended to any person ordered to report for induction during the period beginning on the date of receipt of such order and ending on the date upon which such person reports for induction. The sovereign upon service of such order to report for induction forthwith assumes control over the individual and a severe penalty is prescribed for failure to comply. I cannot believe it was intended that such an individual is required to pay rent for at least a month after his civilian earning capacity has been stopped, which would be the case if the necessary notice to terminate a lease could not be served until after formal induction takes place. It is true, of course, that an individual who has been served with such an order may not be formally inducted into the service, but it is equally true that even after formal induction an individual may not remain in the service. In the instant case, however, both Andrew Leapes and Leonard Mimoni have been inducted and both are in military service. The obvious purpose of the notice prescribed before a lease is terminated is to give the landlord an opportunity to rerent or otherwise use the property, and I think that purpose has been fulfilled in the instant case. I hold, therefore, that the lease in question was terminated November 30, 1942, by reason of the notice that was served and in accordance with the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended by the Soldiers' and Sailors' Civil Relief Act Amendments of 1942, approved October 6, 1942 (U. S. Code, tit. 50, Appendix, § 513 *et seq.*), insofar as it affected the named defendants, Andrew Leapes and Leonard Mimoni. The rent sought to be recovered in this action accrued under the lease after the date the lease was thus terminated as to such named defendants. Payment of rent was not suspended or postponed. The lease itself was terminated as to such named defendants. Such named defendants are, therefore, not liable individually for the rent sought to be recovered herein, nor would they be even if they had been served with the summons herein. Not only was the lease terminated as to such named defendants, but the partnership in question was dissolved by operation of law (Partnership Law, §§ 60–62). While it is true that partnership property is liable for partnership debts, that rule does not extend to debts contracted after a dissolution by one of the partners with one having knowledge of the dissolution. There was no rent due under the lease at the time of

dissolution and consequently the rent sought to be recovered herein cannot be a charge against the interests of the named defendants, Andrew Leapes and Leonard Mimoni, in the partnership property. They are entitled to an accounting as of the date of dissolution.

The defendant Emanuel Patrikes is individually liable for the rent sought to be recovered (*Patrikes* v. *J. C. H. Service Stations, Inc., supra,* and authorities and cases therein cited). Such liability arises out of the lease in question and was neither created nor is it affected by the Soldiers' and Sailors' Civil Relief Act of 1940, as amended. A judgment against Emanuel Patrikes individually will enable the holder thereof, by proper procedure, to reach any interest such defendant may have in the partnership property. It is not necessary, therefore, to resort to the provisions of section 229-a of the Civil Practice Act. The Soldiers' and Sailors' Civil Relief Act of 1940 and amendments thereto supersede and are paramount to a State statute. The Act of Congress so provides. (See, also, *Erickson* v. *Macy,* 231 N. Y. 86.)

The interest of defendant Emanuel Patrikes in the partnership property, if any, is intermingled with the interests of the other two partners. This court has no authority to determine what that interest is. It may be equal or unequal to the interests of the other two partners, depending upon the agreement and rights as between the partners. Only a court of competent jurisdiction can determine the respective interests and rights of the partners in the partnership property. A judgment of this court intended to reach only the interests of defendant Emanuel Patrikes in the partnership property before such interest has been determined by a court of competent jurisdiction would be indefinite and unenforcible as well as improper and unauthorized under existing circumstances.

Accordingly the motion is granted to the extent of striking out the answer and directing judgment in favor of plaintiff and against the defendant Emanuel Patrikes, individually, for the amount demanded in the complaint with interest as therein demanded, and otherwise denied.

Let judgment be entered accordingly.

Ten days' stay and thirty days to make a case.