Sean **PAGANO**, an infant by his
mother, Robin **PAGANO**,
Plaintiffs,

v.

**MASSAPEQUA PUBLIC SCHOOLS,
James I. Brucia, individually and in his
capacity as the Superintendent of the
Massapequa Public Schools, Herbert J.
Pluschau, individually and in his capacity as the Superintendent of the
Massapequa Public Schools, John Podsiadlo, individually and in his capacity
as Principal of Lockhart Elementary
School, Defendants.**

No. 88 CV 3609.

United States District Court,
E.D. New York.

June 19, 1989.

Michael Jude Jannuzzi, Huntington, N.Y., for plaintiffs.

Henry A. Weinstein, Garden City, N.Y., for defendants.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

Defendants move to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim pursuant to 42 U.S.C. § 1983. Defendants argue that no "special relationship" exists between defendants and plaintiff giving rise to a duty on the part of defendants to protect plaintiff from harm; that there is no affirmative duty, under the Due Process Clause, to protect plaintiff since the Due Processs Clause does not guarantee minimal levels of safety and security; and plaintiff has merely stated a negligence claim and constitutional rights are not implicated by negligent acts.

### FACTS

Defendant Massapequa Public Schools runs a senior high school, two junior high schools and six elementary schools. The individual defendants hold various positions within the Massapequa school district. Plaintiff was a student at the Lockhart Elementary School. During his fifth grade year and for part of his sixth grade year, plaintiff alleges he was the target of physical and verbal abuse by other students resulting in physical and mental injury. Plaintiff alleges a total of seventeen such incidents. Plaintiff further alleges that defendants were aware of the attacks and had expressly said they would take the necessary steps to prevent such attacks from occuring in the future. The failure to prevent the continuing attacks and abuse, plaintiff alleges, denied him safe access to public schooling and deprived him of his constitutional rights.

### DISCUSSION

In order to defeat a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff must establish a *prima facie* case of federal jurisdiction. However, if motions are made pursuant to both Rule 12(b)(1) and 12(b)(6) and the Rule 12(b)(6) motion challenges the existence of a federal claim, courts should generally find jurisdiction and proceed to determine the Rule 12(b)(6) motion. *Jones v. State of Georgia,* 725 F.2d 622, 623 (11th Cir.), *cert. denied,* 469 U.S. 979, 105 S.Ct. 380, 83 L.Ed.2d 316 (1982). Even though plaintiff bears the burden of proving jurisdiction, plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction. *Maid–Pour v. Georgiana Comm. Hosp. Inc.,* 724 F.2d 901, 903 (11th Cir.1984).

A motion to dismiss pursuant to Rule 12(b)(6) will not be granted unless it appears to a certainty that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Dahlberg v. Becker,* 748 F.2d 85, 88 (2nd Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985); *Budco, Inc. v. The Big Fights, Inc.,* 594 F.2d 900, 902 (2nd Cir. 1978). In considering a motion to dismiss for failure to state a claim, the allegations in the complaint should be construed most favorably to the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1973).

In order to be cognizable, claims pursuant to 42 U.S.C. § 1983 must contain two elements. First, the conduct complained of must have been committed by a person acting under color of state law. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). Second, defendants' conduct must have deprived

plaintiff of rights, privileges or immunities secured by the United States Constitution. *Parratt*, 451 U.S. at 535, 101 S.Ct. at 1912.

Conduct is considered to be under color of state law if it is committed pursuant to the execution of official policy or state custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978). In his complaint, plaintiff alleges that all acts and ommissions "were done by defendants under ... statutes, ordinances, regulations, customs and usages" of New York State and Nassau Counties. Thus, assuming all allegations made by plaintiff are true for the purposes of this motion, the first part of the test for § 1983 liability has been met.

■ As to the second element, deprivation of plaintiff's constitutional rights, the facts of this claim present a case of first impression to this Court. Plaintiff, however, has pleaded a claim which may be considered analogous to claims by prison inmates and state institutionalized patients concerning deprivation of constitutional rights pursuant to § 1983. The basic thrust of these § 1983 claims is that the Government owes a duty to protect a person from harm if there exists a "special relationship" between that person and the government. *Barbera v. Smith*, 836 F.2d 96, 101 (2d Cir.1987). The Second Circuit has construed this duty to include persons to whom the government had assured a duty of care. Thus, state mental institutions are required to protect patients from known risks of assault, *Spence v. Staras*, 507 F.2d 554, 557 (7th Cir.1974); and state prisons are required to reasonably protect inmates from violence by other inmates. *Villante v. Dept. of Corrections of the City of New York*, 786 F.2d 516, 519 (2d Cir.1986); *Ayers v. Coughlin*, 780 F.2d 205, 209 (2d Cir.1985). We consider elementary school students who are required to attend school, the truancy laws still being in effect, to be owed *some* duty of care by defendants which may or may not rise to the level required in the above-mentioned circumstances. However, plaintiff has stated a sufficient claim to withstand a motion to dismiss at this time.

Recently, as correctly pointed out by defendants, the United States Supreme Court has narrowed the scope of government owed protection holding that there is nothing in the Due Process Clause that requires the State to protect the life, liberty and property of its citizens against invasion by private actors. *DeShaney v. Winnebago County Dept. of Social Services*, —— U.S. ——, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). *DeShaney* involved the abuse-related death of a child by the natural father while in his custody. The Supreme Court found that the child was not in state custody although the agency knew about prior abuse of the child by the father and dismissed the claim against the state agency. The Court specifically refused to reach the question of whether a duty exists if the child had been placed in a foster home by the state agency and been abused there. *DeShaney*, 109 S.Ct. at 1006, n. 9. The Second Circuit has held that such a duty does exist in the foster home situation. *Doe v. New York City*, 649 F.2d 134 (2d Cir.1981). The facts of the present case, on the face of the complaint, appear to be closer to those of *Doe* than *DeShaney* in that the victim and the perpetrator(s) were under the care of the school in its *parens patriae* capacity at the time these alleged incidents occurred.

Generally, section 1983 claims only apply to deliberate, not merely negligent deprivations of constitutional rights. Thus, as defendants correctly argue, a single act of ordinary negligence may not form the basis of a civil rights claim. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). However, plaintiff alleges more than a single act of negligence on the part of defendants. Plaintiff alleges seventeen separate incidents and thus defendants failure to take preventative action, repeated negligence, may be considered to rise to the level of deliberate indifference to an affirmative duty. *Doe*, 649 F.2d at 142.

## CONCLUSION

Plaintiff has stated a sufficient claim under 42 U.S.C. § 1983 at this juncture to withstand a motion to dismiss. Defendants' motion to dismiss is therefore denied for the reasons set forth above.

SO ORDERED.