**Hung Ki KIM, Appellee,**

v.

**INGERSOLL RAND COMPANY, a New Jersey corporation, Appellant.**

No. 90–5066.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1990.

Decided Dec. 24, 1990.

Graham Heikes, Minneapolis, Minn., for appellant.

Arthur Priesz, Jr., Minneapolis, Minn., for appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGILL, Circuit Judge.

WOLLMAN, Circuit Judge.

In this products liability case, a jury found that Ingersoll–Rand, Inc. had negligently designed a power tool, causing personal injury to Hung Ki Kim. We affirm the judgment of the district court[1] entered upon the jury's verdict.

I.

Kim injured the ring finger of his left hand while operating a compressed air hammer, also called a chipper, at Minneapolis Electric Steel Casting. While Kim was using his left hand to guide the chisel on the operating end of the chipper, a sand burr gave way, ejecting the chisel and trapping Kim's hand between the chipper and the steel casting on which Kim was working. The particular chipper that caused the injury was never identified or segregated.

Ingersoll–Rand moved for judgment notwithstanding the verdict, contending (1) that Kim had failed to establish that Ingersoll–Rand manufactured the compressed air hammer that injured him, and (2) that it had no duty to redesign its product, because the type of injury that befell Kim was not reasonably foreseeable. Ingersoll–Rand appeals from the denial of the jnov motion, alternatively contending that it is entitled to a new trial.

II.

We address Ingersoll–Rand's arguments from the perspective of the district court's denial of the motion for judgment notwithstanding the verdict. In that posture, the evidence is viewed favorably for Kim, the party opposing the motion. Just as the district court did, we must resolve direct factual conflicts in favor of Kim, assume as true all facts supporting Kim which the evidence tended to prove, and give Kim the benefit of all reasonable inferences. *Dace v. ACF Industries, Inc.*, 722 F.2d 374, 375 (8th Cir.1983).

A.

Kim testified at trial that he remembered the Ingersoll–Rand diamond-shaped logo on the compressed air hammer that injured him. Ingersoll–Rand argues that because Kim testified at two depositions that he did not recall seeing the logo but

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

gave no explanation of the discrepancies in his testimony, no credibility issue was raised for the jury. Ingersoll–Rand relies on *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1365 (8th Cir.1983), where we held in the context of summary judgment that unless a party explains the conflict in his own testimony, discrepancies in testimony do not create credibility issues for a jury when the district court perceives a readily apparent sham. We disagree with Ingersoll–Rand's application of *Camfield* to the facts of this case. In *Camfield*, the district court was faced with deposition testimony that the plaintiff directly contradicted by affidavit in an attempt to avoid summary judgment against it—a ruse designed to raise an issue of fact that would entitle the plaintiffs to a jury trial. We detect no such ploy here.

Kim, a native of the Republic of Korea, testified through an interpreter at his deposition that he did not "recall the trademark or brand mark" on the tool that injured him. Later, he testified that "[y]ou cannot identify the brand name on a chipper." At trial, Kim attempted to communicate in English, but relied on an interpreter for clarifications of questions. Kim testified at trial that he could remember the diamond stamp on the chipper but was unable to read the inscription inside the diamond that reads "Ingersoll–Rand." On cross-examination, counsel for Ingersoll–Rand questioned Kim as follows:

Q. It's true, is it not, that none of the questions that I asked you—in either dates of your deposition in 1988—in any of the times that I asked you about how to describe the chipper, whether it had a brand name, what features it had and so forth and so on, you never once mentioned anything about a diamond mark, did you?

(Witness talks with interpreter)

A. I am trying to—the same way, he says he knew of the mark of diamond. He may not have mentioned at that deposition or those two depositions. He knew of the mark. He may not have stated. But he had in his mind no doubt that was the machine that, this type of machine was the one that he used.

Although Kim's trial testimony appears to conflict with his earlier deposition testimony, it contains an explanation for the apparent discrepancy. Counsel for Ingersoll–Rand having brought out the facial inconsistencies in Kim's testimony regarding his recollection of the diamond stamp, it was for the jury to weigh the credibility of that testimony and to accept or reject Kim's explanation ("He knew of the mark [but] [h]e may not have stated.") for failing to mention the logo in his deposition testimony.

B.

The jury heard direct testimony that a diamond mark appeared on the tool that injured Kim. Moreover, Kim's co-workers and supervisor testified to using compressed air hammers manufactured by Ingersoll–Rand. Ingersoll–Rand sold compressed air hammers to Minneapolis Electric Steel Casting in the late 1970s and early 1980s, as confirmed by documentary evidence. Taken in the light most favorable to Kim, we agree with the district court that the evidence was sufficient for the jury to find that Ingersoll–Rand manufactured the compressed air hammer that injured Kim.

III.

■ Ingersoll–Rand argues that it had no legal duty to either redesign the chipper or warn against the type of accident that Kim experienced. Alternatively, Ingersoll–Rand maintains that the theoretically-foreseen danger of Kim's injury is slight compared to the practical disadvantages of redesign.

We agree with the district court that as a matter of Minnesota law, the imposition of a legal duty toward another is within the province of the court. *See Larson v. Larson*, 373 N.W.2d 287, 289 (Minn.1985); *Stratioti v. Bick*, 704 F.2d 1052, 1054 (8th Cir.1983). Likewise, we conclude that the district court did not err in ruling as a matter of law that an injury such as Kim's was reasonably foreseeable, giving rise to a duty on behalf of Ingersoll–Rand to redesign its product or to warn of its dangers.

The jury heard extensive testimony that redesign of the product was both necessary and feasible. Experts testified to the practicality of placing warning labels on compressed air hammers. An industrial designer testified that a retainer on the chisel would have prevented Kim's injury. On the other hand, Ingersoll–Rand experts testified that the use of a permanent retainer for the chisel in the air hammer in the context of foundry work would seriously impair the usefulness of the product. Having reviewed the extensive record, we agree with the district court that the jury's verdict that Ingersoll–Rand breached its duty to redesign or to warn of dangers associated with its compressed air hammer finds adequate support in the evidence.

### IV.

Alternatively, Ingersoll–Rand argues that a new trial is necessary because of errors at trial. The district court admitted certain photographic and documentary evidence over Ingersoll–Rand's objections. We agree with the district court that the limiting instructions given with respect to the challenged evidence adequately guarded against the danger of unfair prejudice. Likewise, we perceive no reversible error in the district court's rulings with respect to certain instructions.

The judgment is affirmed.