Johnny R. JONES and Susan L. Jones, parents and next friend of Kamilia Jones, a minor child, Plaintiffs–Appellants,

v.

BOARD OF EDUCATION OF SCHOOL DISTRICT 50, ARCHULETA AND HINSDALE COUNTIES, a public entity, Defendant–Appellee.

No. 92CA1214.

Colorado Court of Appeals, Div. V.

May 6, 1993.

The Branch Law Firm, Turner W. Branch, Albuquerque, NM, Kenneth A. Senn, Colorado Springs, for plaintiffs-appellants.

Shand, McLachlan, Newbold & Spear, P.C., Michael E. McLachlan, Durango, for defendant-appellee.

Opinion by Judge ROTHENBERG.

Plaintiffs, Johnny R. and Susan L. Jones, parents and next friend of Kamilia Jones, appeal from the summary judgment entered in favor of defendant, Board of Education of School District 50 (school board). We affirm.

In this action, plaintiffs assert that their daughter was sexually molested in the fall of 1985 by her fourth grade teacher who was then an employee of the school district. Plaintiffs filed suit against the school board seeking damages for negligent supervision, negligent hiring, and violation of 42 U.S.C. § 1983 (1988). Plaintiffs also sued the teacher who allegedly abused the child. However, they did not name the principal or the superintendent as defendants.

The school board filed a motion to dismiss the negligence claims based on governmental immunity. The trial court granted the school board's motion and, in an unpublished opinion, this court affirmed that dismissal. *See Jones v. Board of Education of School District 50* (Colo.App. No. 91CA0724, May 21, 1992) (not selected for official publication).

In their § 1983 action, plaintiffs alleged two theories authorizing recovery: (1) the school board maintained a custom of deliberate indifference to the need to protect schoolchildren like Kamilia from sexual abuse by a teacher; and (2) the school district had an affirmative duty to protect schoolchildren from such abuse.

The school board filed a motion for summary judgment on plaintiffs' § 1983 claim. The court granted the school board's motion based upon its finding that neither the superintendent nor the school board members had notice or reason to know of the teacher's misconduct. The court rejected plaintiffs' contention that the school board had an affirmative duty to protect children from abuse by a teacher.

I.

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The moving party has the initial burden to show that there is no genuine issue of material fact. Once the moving party has met its initial

burden of production, the burden shifts to the nonmoving party to establish that there is a triable issue of fact. *Mancuso v. United Bank,* 818 P.2d 732 (Colo.1991).

In determining whether summary judgment is proper, the nonmoving party must receive the benefit of all favorable inferences that may be reasonably drawn from the undisputed facts, and a reviewing court must resolve all doubts as to whether an issue of fact exists against the moving party. *Mancuso v. United Bank, supra.*

## II.

Section 1983 provides a federal remedy for the deprivation "of any rights, privileges, or immunities secured by the Constitution and laws." *Mosher v. Lakewood,* 807 P.2d 1235, 1238 (Colo.App.1991). To assert a § 1983 claim, a plaintiff must allege that a defendant acted under color of state law and that the defendant's action deprived plaintiff of a right secured by the federal constitution or federal laws. *Colorado Manufactured Housing Ass'n v. Pueblo County,* —— P.2d —— (Colo.App. No. 91CA2096, Feb. 11, 1993).

■ Mere negligence on the part of a state actor does not constitute a deprivation of due process under the Constitution. A § 1983 claim based on due process must involve either intentional conduct or deliberate indifference, recklessness, or gross negligence. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Doe v. Taylor Independent School District,* 975 F.2d 137 (5th Cir.1992).

■ A local governmental entity, such as a school board, cannot be held liable under the theory of *respondeat superior.* However, it may be found liable under § 1983 if an official policy, custom, or decision causes an individual to suffer a constitutional harm. *See Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rogers v. Board of Trustees,* —— P.2d —— (Colo. App. Nos. 91CA0793 and 92CA0342, April 8, 1993).

The existence of a custom may be found in "persistent and widespread ... practices ... [which are] so permanent and well settled as to [have] the force of law." *Monell v. City Department of Social Services,* 436 U.S. at 691, 98 S.Ct. at 2036, 56 L.Ed.2d at 635–36. *See also Pembaur v. City of Cincinnati,* 475 U.S. 469, 480, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452, 463 (1986) (municipality can be held liable under § 1983 for a single decision by its final decision-making authority because such decision "unquestionably constitutes an act of official government policy").

## A.

### Governmental Custom

Plaintiffs first contend that there existed a custom by the school board which caused Kamilia to suffer a constitutional harm. More specifically, plaintiffs contend that the school board failed to investigate a claim by a student, to discover the existence of the teacher's behavior, or to remove the teacher from his job and, thus, that the school board showed deliberate indifference toward Kamilia and the other schoolchildren.

■ In order to establish the existence of a governmental custom of failing to receive, investigate, and act upon complaints of violations of constitutional rights, a plaintiff must prove:

(1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

(2) *Deliberate indifference* to or tacit authorization of such conduct by the governmental entity's policy-making officials *after notice to the officials of that misconduct;* and

(3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation. (emphasis added)

*Thelma D. v. Board of Education,* 934 F.2d 929, 932–33 (8th Cir.1991).

*See also Doe v. Taylor Independent School District, supra,* ("When school officials are on notice of a pattern of unconstitutional acts committed by subordinates,

the Constitution will not tolerate a practice of deliberate or conscious indifference to the potentiality of harm that is likely to follow.").

■ In response, the school board contends that summary judgment was proper because neither the school board members nor the superintendent actually knew or had reason to know of the allegations of sexual molestation until after the teacher was suspended from school. The school board submitted affidavits from the school board members and the superintendent to support its contention. Plaintiffs did not produce any evidence contradicting the affidavits submitted by the school board. The only evidence they presented concerned what other teachers and a counselor had seen or heard, and what the principal may have known about the teacher's conduct. Thus, it is uncontroverted that the school board did not have notice of the teacher's alleged misconduct or facts which should have put it on notice of such misconduct. Since there was no triable issue of fact, the trial court did not err in granting the school board's motion for summary judgment.

In reaching this conclusion, we reject plaintiffs' contention that *Stoneking v. Bradford Area School District*, 882 F.2d 720 (3rd Cir.1989) requires a different result.

In *Stoneking*, a student brought a § 1983 action against the school district and supervisory school officials for damages resulting from sexual abuse by a teacher. Plaintiff argued that defendants were liable because of their actions in adopting and maintaining a practice, custom, or policy of reckless indifference to instances of known or suspected sexual abuse of students by teachers, in concealing complaints of abuse, and in discouraging students' complaints about such conduct.

However, there, several years before the assault on plaintiff, students had reported assaults by teachers and staff members to the principal and the assistant principal. Despite this knowledge, neither the principal nor the assistant principal took any action against the teachers; rather, they actively discouraged and intimidated the students and parents from pursuing their complaints. The superintendent also knew about some of the complaints.

In concluding that defendants' motion for summary judgment was properly denied, the court in *Stoneking* found that: (1) the discouragement of complaints amounted to a condonation of the teacher's behavior; and (2) the plaintiff had asserted a sufficiently tenable theory linking her injury with the policies and practices employed by the principal and assistant principal and the acts taken in furtherance of such policies.

Importantly, the court in *Stoneking* also held that summary judgment should have been granted in favor of the superintendent because there was no evidence of any affirmative acts by the superintendent upon which plaintiff could base a claim of toleration, condonation, or encouragement of sexual harassment by the teacher. The superintendent's actions amounted to mere "inaction and insensitivity."

Here, in contrast to *Stoneking*, it is uncontroverted that the school board members did not engage in any affirmative acts, nor did they tolerate, condone, or encourage any such acts of abuse. Since they had no notice of the allegations against the teacher until after he was suspended from his teaching position, the court did not err in granting defendant's motion for summary judgment.

## B.

### Affirmative Duty

■ Alternatively, plaintiffs contend that the school board can be held liable under § 1983 for the harm suffered by Kamilia based upon a breach of its duty to protect schoolchildren from sexual abuse by teachers. We disagree that the existence of such an affirmative duty precludes summary judgment under these circumstances.

In *Doe v. Taylor Independent School District, supra,* at 146–48, the court dis-

cussed the affirmative duty owed by public school officials:

> If state agents, responsible for the well-being of the child, know of an asserted danger to such a child yet consciously fail to safeguard the child from danger, they will be liable for those injuries sustained by the child provided that the injuries are affirmatively linked to the state agent's nonfeasance.
>
> . . . .
>
> [P]ublic school officials have a duty to police the misconduct of their subordinates and to protect schoolchildren from *hazards of which the school officials know or should know.* Their *deliberate indifference* to these duties can form the basis of liability against them.
>
> . . . .
>
> The deliberate indifference standard requires a showing, in cases alleging that a state actor failed to provide adequate protection, that the state actor was recklessly indifferent, grossly negligent, or deliberately or intentionally indifferent. (emphasis added)

*See also Pagano v. Massapequa Public Schools,* 714 F.Supp. 641, 643 (E.D.N.Y. 1989) ("[E]lementary school children who are required to attend school ... [are] owed some duty of care by defendants which may or may not rise to the level required in [cases involving state mental institutions and state prisons].").  *But see DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); *D.R. v. Middle Bucks Area Vocational Technical School,* 972 F.2d 1364 (3rd Cir.1992).

Here, the school district has conceded it has an affirmative duty to protect schoolchildren from known or reasonably foreseeable harms occurring during or in connection with school activities. However, it contends there was no breach of that affirmative duty because, as previously stated, the principal, school superintendent, teachers, and members of the school board neither knew or reasonably should have known of the offending teacher's actions until after he was suspended. We agree that, without such knowledge, the school board could not have acted with reckless or deliberate indifference to its duty to protect plaintiff.

The judgment is affirmed.

RULAND and BRIGGS, JJ., concur.