Gerald R. **TRAVERS** and Oderia R. Mitchell, Defendants–Appellants and Cross–Appellees,

v.

Rhett K. **RAINEY**, Defendant–Appellee and Cross–Appellant.

No. 93CA0026.

Colorado Court of Appeals, Div. V.

Dec. 29, 1994.

The Law Firm of Samelson, Dodge & Currey, P.C., Kirk S. Samelson, Colorado Springs, for defendants-appellants and cross-appellees.

The Law Firm of Guy M. McCready, Guy M. McCready, Colorado Springs, for defendant-appellee and cross-appellant.

Opinion by Judge BRIGGS.

Gerald R. Travers and Oderia Mitchell appeal the judgment in favor of Rhett K. Rainey terminating his liability for post-dissolution partnership obligations. Rainey cross-appeals the award of attorney fees to Travers and Mitchell and the denial of his motion for attorney fees. We reverse the judg-ment as to the post-dissolution obligations and remand for further proceedings. We affirm the judgment in all other respects.

The parties entered into a partnership in 1989 to run a physical therapy clinic. In their individual names, they jointly leased commercial premises and equipment and obtained a bank loan evidenced by a note.

On January 4, 1991, Rainey gave notice to the partnership that he had been called into active duty in the army reserve. He stated that he would send no further patients to the clinic and added:

> Per the Soldiers and Sailors [Civil] Relief Act, I am exempt from my lease requirements and will not have further obligations regarding my fixed income and lease requirements.... It is possible that you may request the leasing company regarding the equipment and the building to be decreased by ⅓ since I have been called on active duty.

As part of litigation with the lessor of the premises, Travers and Mitchell cross-claimed against Rainey for his share of partnership expenses incurred both before and after January 1991. The trial court granted Rainey's motion for partial summary judgment as to expenses incurred after his notice, including the lease obligations. The court determined that the January 1991 notice "constituted a dissolution of the partnership and an avoidance on the part of ... Rainey of future obligations to the partnership for future partnership liability on the leases...."

After a trial on Travers' and Mitchell's claim for Rainey's share of partnership expenses incurred before the notice, the trial court entered judgment in favor of Travers and Mitchell and, finding Rainey's defense to be groundless, also awarded them attorney fees for that claim. The court denied Rainey's request for an award of his attorney fees.

I.

Travers and Mitchell contend that the trial court erred in terminating Rainey's post-January 1991 liabilities. We agree.

Summary judgment is proper only when the pleadings, affidavits, depositions, and admissions show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Civil Service Commission v. Pinder*, 812 P.2d 645 (Colo.1991).

Colorado partnership law provides that dissolution of a partnership does not of itself discharge the existing liability of any partner. Section 7–60–136(1), C.R.S. (1986 Repl. Vol. 3A); *see Black v. First Federal Savings & Loan Ass'n*, 830 P.2d 1103 (Colo.App. 1992), *aff'd sub nom. La Plata Medical Center Associates, Ltd. v. United Bank*, 857 P.2d 410 (1993); *Wester & Co. v. Nestle*, 669 P.2d 1046 (Colo.App.1983).

■ In this appeal, Travers and Mitchell do not dispute the trial court's determination that the partnership was dissolved in January 1991. However, that dissolution, without more, did not determine Rainey's remaining obligations to his partners. *See* § 7–60–136, C.R.S. (1986 Repl.Vol. 3A). Rather, Rainey's obligations are dependent upon a variety of factual and legal issues, such as his right to dissolve the partnership and the propriety of Travers' and Mitchell's actions in winding-up or continuing the partnership. *See generally* §§ 7–60–129 to 7–60–141, C.R.S. (1986 Repl. Vol. 3A).

The pleadings and affidavits submitted to the trial court show that material facts concerning such issues are in dispute. Hence, the trial court erred in entering summary judgment for Rainey. *See McCormick v. Diamond Shamrock Corp.*, 175 Colo. 406, 487 P.2d 1333 (1971).

■ Further, Rainey cannot avoid his liability to his partners under the Soldiers' and Sailors' Civil Relief Act (SSCRA), 50 U.S.C. app. § 501, et seq. (1988). In 50 U.S.C. app. § 534 (1988), the SSCRA does provide that a lease for professional purposes executed by a person who, after execution of such a lease, enters military service, may be terminated. However, termination is accomplished by providing notice in writing to the lessor.

Here, it is undisputed that Rainey gave notice only to his partners. At no time did he or any of his partners provide notice to the lessor. Therefore, even if we were to assume that proper notice might have terminated the lease at least as to Rainey, *see J.C.H. Service Stations, Inc. v. Patrikes*, 181 Misc. 401, 46 N.Y.S.2d 228 (N.Y.City Ct.1944), because of the failure to provide such notice, Rainey may not rely on the SSCRA to avoid his liability either to the lessor or to his partners.

## II.

On cross-appeal, Rainey contends that the trial court erred in awarding Travers and Mitchell attorney fees. We disagree.

■ A claim or defense is groundless if it is not supported by any credible evidence. *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984). The determination whether a claim or defense is groundless under § 13–17–102, C.R.S. (1987 Repl.Vol. 6A) is within the discretion of the trial court, and its decision will not be disturbed on appeal if supported by the record. *Schoonover v. Hedlund Abstract Co.*, 727 P.2d 408 (Colo.App.1986).

Here, the trial court found that Rainey failed to present any credible evidence to support his defense that the partners had changed their agreement for sharing expenses. On Rainey's motion for reconsideration, the court also found that Rainey failed to present any evidence of damages to support his counterclaim. Lacking a transcript of the trial, we have no basis for review of those findings and must presume that the order was correct. *See Alessi v. Hogue*, 689 P.2d 649 (Colo.App.1984). Therefore, we will not disturb the award.

■ We also reject Rainey's contention that the court's earlier denial of Travers' and Mitchell's motion for summary judgment precluded the finding that Rainey failed to present any credible evidence. After the trial on the merits, and having had the opportunity to assess the credibility of the parties' testimony, the trial court concluded that Rainey's version of the agreement was incredible. In contrast, in ruling on the motions for summary judgment, the trial court was precluded from assessing the credibility

of the parties. *See Crouse v. City of Colorado Springs,* 766 P.2d 655 (Colo.1988). We therefore perceive no conflict between the two rulings.

■ Rainey's final argument on this issue is that he was the "prevailing party" because Travers and Mitchell did not recover the full amount claimed, and so no award of fees could be based on his defense and counter-claim. However, when a claim exists for a violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees. *Dennis I. Spencer Contractor, Inc. v. City of Aurora,* 884 P.2d 326 (Colo.1994); *see also Harrison v. Smith,* 821 P.2d 832 (Colo.App. 1991). The trial court therefore did not err in awarding attorney fees against Rainey.

### III.

■ Rainey next contends that the trial court erred in denying his claim for attorney fees. We find no grounds for reversal.

In his motion for fees, Rainey argued that he was the "prevailing party" at trial, even though judgment was entered in favor of Travers and Mitchell. That argument is erroneous. *See Dennis I. Spencer Contractor, Inc. v. City of Aurora, supra.* He also asserted that Travers and Mitchell testified that they agreed to pay his fees if he prevailed. As we have not been provided with a copy of the trial transcript, we must reject that assertion. *See Alessi v. Hogue, supra.* Further, to the extent that Rainey claimed fees because he prevailed on his partial summary judgment motion, that claim is now moot.

The judgment is reversed as to Travers' and Mitchell's cross-claim for Rainey's post-dissolution obligations, and the cause is remanded for further proceedings consistent with the views expressed in this opinion. In all other respects, the judgment is affirmed.

TAUBMAN and VAN CISE,* JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1994 Cum.Supp.).