**Edith MERKLEY, for herself and the estate of James Merkley, Plaintiffs–Appellants,**

v.

**PITTSBURGH CORNING CORPORATION, Defendant–Appellee.**

No. 94CA1056.

Colorado Court of Appeals,
Div. V.

June 15, 1995.

Rehearing Denied July 20, 1995.

Certiorari Denied Feb. 12, 1996.

Williams & Trine, P.C., J. Conard Metcalf, Boulder, for plaintiffs-appellants.

Pryor, Carney & Johnson, P.C., Peggy S. Ball, Englewood, for defendant-appellee.

Opinion by Judge ROTHENBERG.

Plaintiff, Edith Merkley, for herself and the estate of James Merkley, appeals the summary judgment entered in favor of defendant, Pittsburgh Corning Corporation. We affirm.

From 1962 through 1972, Pittsburgh Corning manufactured and distributed an insulation product containing asbestos, under the trade name "Unibestos." Before 1962, other entities manufactured and marketed asbestos products using the name "Unibestos."

From 1950 through 1987, plaintiff's husband, James Merkley (Merkley), worked as an industrial insulator and was exposed to numerous products containing asbestos. As a result, he became ill with asbestos related cancer. Merkley filed a complaint against seventeen manufacturers, claiming that their products had caused his illness. Edith Merkley filed a claim for loss of consortium. Thereafter, Merkley died and plaintiff amended her complaint to reflect the change of parties and the claims asserted. The other defendants have either settled their claims or have been dismissed from the lawsuit.

Pittsburgh Corning filed a motion for summary judgment, asserting plaintiff had not established that Merkley was exposed to its particular product or that its product had caused Merkley's illness. The trial court granted the motion.

Plaintiff now contends that the trial court erred in granting Pittsburgh Corning's motion for summary judgment. We disagree.

■ Summary judgment is proper when the pleadings, affidavits, depositions, and ad-missions show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Travers v. Rainey*, 888 P.2d 372 (Colo.App.1994). The moving party has the initial burden to show there is no genuine issue of material fact. Once the moving party has met this initial burden, the burden then shifts to the nonmoving party to establish that there is a triable issue of fact. *Jones v. Board of Education*, 854 P.2d 1386 (Colo.App.1993).

■ In determining whether summary judgment is proper, the nonmoving party must receive the benefit of all favorable inferences that may be reasonably drawn from the undisputed facts. *Mancuso v. United Bank*, 818 P.2d 732 (Colo.1991).

Here, the parties agree that all evidence concerning Merkley's possible exposure to Pittsburgh Corning asbestos is contained in two depositions taken of Merkley before his death. Plaintiff has no additional evidence available to connect Merkley's death to Pittsburgh Corning's products.

Thus, the dispositive issue is whether Merkley's deposition testimony creates a genuine issue of material fact as to whether he was exposed to Pittsburgh Corning's asbestos-containing products during the relevant time period. *See Rupert v. Clayton Brokerage Co.*, 737 P.2d 1106 (Colo.1987) (plaintiff must establish that a particular defendant's product was a substantial contributing cause of his injury).

■ Upon reviewing the deposition testimony, we conclude that no genuine issue of material fact exists. Initially, we note that relevant portions of one of the depositions is not contained in the record on appeal. However, the parties agree Merkley specifically testified in that deposition that he worked with the Unibestos material in 1951, which was ten years *before* Pittsburgh Corning began making the product.

At the second deposition, an attorney showed Merkley photographs of product packaging and asked him if he remembered using that particular product. Merkley could only identify a carton of Pittsburgh Corning

Unibestos as a product that looked "familiar," and as similar to one he had worked with at some point during his 30 year career, and that he had been around such products "a lot." The deposition states, in relevant part:

Merkley: I been around these a lot (indicating defendant's product in a photograph). *That looks familiar* (indicating).

Attorney: The Unibestos?

Merkley: I think I might have used this one here, that Carey Super–Light.

. . . .

Attorney: Do you remember using Unibestos?

Merkley: Right.

Attorney: Do you remember using Foster H.I. Mastic?

Second Attorney: Which asbestos?

Attorney: It [defendant's product] has a PC at the bottom, do you remember that PC?

Merkley: No, I can't remember that. The other looks pretty familiar. And Foster's, yeah. (emphasis added)

Relying on *Herber v. Johns–Manville*, 785 F.2d 79 (3d Cir.1986), plaintiff contends that this deposition testimony was sufficient to show there are genuine issues of material fact concerning Merkley's exposure to Pittsburgh Corning's asbestos-containing products. However, *Herber* is factually distinguishable from the case before us.

Herber testified that he saw bags of asbestos cement on the job site. And, when asked to describe what the containers of cement looked like, he replied that they had black lettering stating, "Eagle Picher" (the name of defendant manufacturer), small lettering underneath which read, "Asbestos Cement," and that some bags had a picture of an eagle on them, while some did not. Herber also testified that he first saw the bags at his job site in 1958 and everyday thereafter through 1967, and that he had also seen them at his next place of employment from 1967 to the time of trial.

Based upon this evidence, the court held that a jury could infer Herber had been exposed to Eagle–Picher's product, even in the absence of express evidence relating to its trademark. *Herber v. Johns–Manville, supra.*

In contrast, here, Merkley did not testify at his deposition that he saw the product at the job site during the years when Pittsburgh Corning manufactured it. Nor could he identify where or when he saw defendant's product or the extent of his exposure to it. Finally, Merkley did not recall seeing a "PC" or other distinctive mark on the product which would have identified it as manufactured by Pittsburgh Corning. *Cf. Kim v. Ingersoll Rand Co.*, 921 F.2d 197 (8th Cir.1990) (in products liability case, evidence was sufficient to identify particular manufacturer where plaintiff recognized logo on product, even though he could not read manufacturer's name because of a lack of proficiency in the English language).

We reject plaintiff's contention that cases from other jurisdictions addressing summary judgment or, by analogy, addressing sufficiency of the evidence questions, support a reversal of the trial court's judgment. Each case upon which plaintiff relies is distinguishable. In each, co-workers of the plaintiff either testified that they saw plaintiff working with or around asbestos products, or they identified asbestos-containing products and testified they had used those products while working with plaintiff.

These factually distinguishable cases include *Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir.1990) (evidence sufficient to establish proximate cause where co-workers testified they worked around asbestos-containing products during same period that plaintiff worked at job site); *Roehling v. National Gypsum Co.*, 786 F.2d 1225 (4th Cir.1986) (summary judgment for defendant erroneous where three co-workers testified they used defendant's asbestos-containing products on the job site and plaintiff testified that asbestos material was "all over the place"); and *Lane v. Celotex Corp.*, 782 F.2d 1526 (11th Cir.1986) (plaintiff produced sufficient evidence to support a finding that he was directly exposed to defendant's product by submission of an affidavit of a co-worker who recalled using defendant's product while working in close proximity to plaintiff). *See also Dillon v. Fibreboard Corp.*, 919 F.2d 1488 (10th Cir.1990) (defendant's motion for

summary judgment properly denied where co-worker identified each of defendant's products at the refinery where plaintiff worked and plaintiff testified he handled all such products over 20 year period).

In sum, Merkley's testimony did not establish his exposure to Pittsburgh Corning's product during the relevant time period or the fact that its product caused his illness. *See Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480 (11th Cir.1985) (defendant's motion for summary judgment properly granted where affidavits and plaintiff's depositions did not provide evidence that insulators using asbestos-containing products worked in proximity to plaintiff and plaintiff failed positively to identify asbestos-containing products as having been used at the job site). *Cf. Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156 (4th Cir.1986) (evidence insufficient to show any contact or to raise any inference that plaintiff was ever exposed to a Celotex product; mere proof that plaintiff and a certain asbestos product were at a shipyard at the same time, without more, does not prove exposure to that product).

The judgment is affirmed.

RULAND and ROY, JJ., concur.